## 35511. SMITH v. THE STATE.

NICHOLS, Chief Justice.

Gene Lamar Smith appeals his convictions for murder and burglary, for which he was sentenced, respectively, to life imprisonment and twenty years to be served consecutively. The state had sought the death penalty.

1. He first contends that the testimony of his accomplice that he fired the fatal shots was not sufficiently corroborated and that the evidence is insufficient to support the verdict. The accomplice, Shirley Jean Baker, testified as to her presence at the scene of the burglary and the homicide. She described the struggle between Smith and the deceased, Elton DeWitt "Pete" Bostick, a special deputy sheriff in Mitchell County, who stopped his vehicle to investigate what he had perceived to be a burglary in progress at the Allan White residence. She testified that Bostick reached for a high-powered rifle in his vehicle but that Smith got the firearm and shot Bostick with it. According to the testimony of one of the investigating officers, Smith's attempted alibi was that he was in a motel in Tifton, Georgia, with Shirley Jean Baker on the date of the burglary and homicide but registration cards from the motel tended to show that they had been together at the motel during the weekend immediately before the murder.

Smith and Baker submitted themselves to polygraph tests. Baker responded affirmatively during her polygraph test when asked whether she knew who shot Bostick, whether Smith shot Bostick, and whether she was present when Bostick was shot. The examiner gave his opinion that these responses were truthful. Smith responded in the negative when asked during his polygraph test whether he knew who shot Bostick, whether he had shot Bostick, and whether he knew what happened to the weapon. The examiner gave his opinion that these responses were not truthful. Evidence as to the tests, the results of the tests, and the opinions of the examiner was presented to the jury under a stipulation between the state and the defense "that the tests, results

and opinion of the examiner, Cecil Franklin, shall be admissible as evidence upon any hearing or trial of the Defendants above named by either or both parties." The "Defendants" to whom the stipulation refers were the appellant, Gene Lamar Smith, and his brother, Danny Smith, who was tried separately.

Smith contends that the polygraph evidence is the only possible corroborating evidence in the case and that it should not be deemed sufficient corroboration because the opinion of the examiner that Shirley Jean Baker spoke truthfully when she stated that Smith shot Bostick is not independent of the testimony of Shirley Jean Baker, the accomplice. He relies on *West v. State,* 232 Ga. 861 (209 SE2d 195) (1974).

"It is the law in this jurisdiction that the testimony of an accomplice must be corroborated by independent evidence tending to connect the accused with the crime or leading to an inference that the accused is guilty. The evidence must do more than merely cast a grave suspicion of guilt on the accused. See *West v. State,* 232 Ga. 861 (2) (209 SE2d 195) (1974). However, slight evidence from an extraneous source identifying the accused as a participator in the criminal act is sufficient corroboration of the accomplice to support a verdict." *Carter v. State,* 237 Ga. 617, 618 (229 SE2d 411) (1976).

Contrary to the contention of the parties, this court is not faced in the present case with a decision as to whether or not the examiner's opinion about the truthfulness of Baker's and Smith's responses during their polygraph tests is sufficient to corroborate Baker's testimony that Smith shot Bostick. See in this regard *State v. Chambers,* 240 Ga. 76 (239 SE2d 324) (1977). Testimony regarding Smith's attempted alibi that he was with Baker in the motel on the date of the homicide is some evidence of an attempt by Smith to conceal his participation in the crime. Evidence from an independent source of an attempt by the accused to conceal his participation in a crime is sufficient to corroborate the testimony of the accused's accomplice relating to the accused's participation in the crime. *Llewellyn v. State,* 241 Ga. 192, 193 (1) (243 SE2d 853) (1978). The trial court did not err in denying the motion for a directed verdict of acquittal.

There is no merit to Smith's assertion that the evidence is not sufficient to support the verdict. When viewed in the light most favorable to support the verdict, the evidence was sufficient to enable a rational trier of the facts to find Smith guilty beyond a reasonable doubt. *Jackson v. Virginia*, —— U. S. —— (99 SC 2781, 61 LE2d 560) (1979).

2. Smith next enumerates as error the failure of the trial court to grant his motion to set bond. He contends that "if he had been allowed to be released from jail, in some manner, he could possibly have located witnesses, records or memorabilia showing that he could not have been present at the scene on November 6, 1978." Because Smith was charged with murder, denial of bail was within the sound discretion of the trial court. Code Ann. § 27-901. No abuse of this discretion has been illustrated. *Harris v. Hopper,* 236 Ga. 389 (224 SE2d 1) (1976).

3. No error was committed in introducing pictures of the victim's body that corroborated the medical testimony as to the cause of death, albeit that these pictures might be gruesome. *Mooney v. State,* 243 Ga. 373, 394 (6) (254 SE2d 337) (1979).

4. Denial of Smith's motion for a mistrial that was based upon the assertion that his character improperly had been put in evidence was not error. The remark of Shirley Jean Baker about "some of the burglaries" during her direct examination did not connect Smith with those burglaries. Her testimony on cross examination to which this enumeration of error is addressed was directly in response to the question asked by defense counsel.

5. The trial court properly refused to allow defense counsel to cross examine one of the investigating officers regarding whether or not Shirley Jean Baker had been taken to a hospital or doctor's office during the period of her incarceration. Defense counsel was not able under questioning by the trial court to show how such a visit might relate to her physical or mental impairment. The trial court properly sustained the state's relevancy objection to this line of questioning.

6. Investigating officers had taken the written statements of other persons who had been in the vicinity of the burglary and murder on the date of these offenses.

Smith sought to introduce two of these statements that were in conflict with each other to prove that other persons could have been the perpetrators. Smith's defense had been alibi; that he had been with Shirley Jean Baker in the motel on the day of the offenses. The trial court did not err in excluding the two written statements from evidence on the ground they were hearsay.

7. The trial court did not manifestly abuse his discretion by refusing to allow Smith to propound on voir dire questions that were intended to determine whether prospective jurors were "leaders" or "followers" and whether they had medical training that would assist them with the anticipated testimony regarding polygraph tests. Neither was the trial court's refusal to sequester the prospective jurors during individual voir dire a manifest abuse of discretion. *Kyles v. State,* 243 Ga. 490 (255 SE2d 10) (1979).

8. The trial court did not abuse his discretion by allowing the investigating officer to remain in the courtroom after invocation of the rule of sequestration and to testify after other of the state's witnesses. The district attorney had made a showing that he needed the officer with him at counsel's table and that it would be disruptive to his case to have the officer testify first. Code Ann. § 38-1703; *Jarrell v. State,* 234 Ga. 410, 420 (6) (216 SE2d 258) (1975).

9. Smith was not deprived of due process because the trial court in the exercise of his discretion refused to appoint an expert investigator to assist his appointed counsel in investigating all possibilities for establishing his alibi defense. Appointment of an expert investigator is analogous to the appointment of an expert witness. Unless the discretion of the trial court has been abused, the trial court's decision on a motion to appoint an expert to aid the defense will be affirmed. *Patterson v. State,* 239 Ga. 409, 412 (3) (238 SE2d 2) (1977); *Campbell v. State,* 240 Ga. 352, 355 (3) (240 SE2d 828) (1977). No abuse of discretion has been illustrated.

*Judgment affirmed. All the Justices concur.*

Argued October 10, 1979 — Decided February 5, 1980.

*G. Keith Murphy,* for appellant.

*H. Lamar Cole, District Attorney, Arthur K. Bolton, Attorney General,* for appellee.