## 35525. SMITH v. THE STATE.

PER CURIAM.

Appellant, Danny Smith, was convicted of felony murder and sentenced to life imprisonment. His conviction for burglary was set aside by the trial court as an included offense of felony murder. Under the evidence, the jury was authorized to find that the victim, a law enforcement officer, was killed by appellant's brother, Gene Lamar Smith, while he and appellant were burglarizing a home. Gene Lamar Smith was also convicted of murder in a separate trial and that conviction has been affirmed by this court in *Smith v. State,* 245 Ga. 168 (1980).

1. Appellant's enumerations of error 4, 7, 8, 9 and 10 are identical to enumerations raised in *Smith v. State,* supra. We again find no error on the part of the trial judge.

2. Appellant's first two enumerations of error deal with the sufficiency of the evidence in his case. He correctly points out that the only evidence connecting him with the crime was the testimony of an accomplice, Shirley Jean Baker, and the results of polygraph tests administered to Baker and appellant. Appellant argues that the polygraph test results are not sufficient corroboration of the accomplice's testimony.[1]

---

[1] This argument was raised in *Smith v. State,* supra, with regard to Gene Lamar Smith's polygraph test results

Baker testified that appellant and his brother were in the process of burglarizing a home when the victim drove by in his automobile. When the victim stopped to investigate the suspicious activity, the brother, Gene Lamar Smith, struggled with him and then shot and killed him. Baker's testimony did not show appellant directly involved in the actual killing of the victim but did show appellant directly involved in the burglary which led to the killing. Both appellant and Baker were given polygraph tests after a stipulation was signed that the results of such tests would be admissible at trial. Baker answered "yes" to each of the following questions: (1) "Do you know for sure who shot Pete Bostick?" (2) "Were you present when Pete Bostick was shot?" (3) "Did Gene Smith shoot Pete Bostick?" (4) "Were you with Gene and Danny Smith when Pete Bostick was shot?" The polygraph examiner testified that, in his opinion, Baker was telling the truth as to each question. Appellant answered "No" to each of the following questions: (1) "Do you know for sure who shot Pete Bostick?" (2) "Were you present when Pete Bostick was shot?" (3) "Did Gene Smith shoot Pete Bostick?" (4) "Do you know what happened to the gun that was used to shoot Pete Bostick?" The polygraph examiner testified that, in his opinion, appellant was not telling the truth as to any of the questions.

This court has held that the results of polygraph tests constituted sufficient corroboration of a rape victim's testimony to justify a conviction for statutory rape. *State v. Chambers,* 240 Ga. 76, 80 (239 SE2d 324) (1977). We conclude that such test results are sufficient corroboration of an accomplice's testimony as well. When corroboration was required in rape cases, "slight circumstances" were sufficient to constitute corroboration. In the case of accomplice testimony, although the corroboration must be by *independent* evidence which tends to connect the accused with the crime, *West v. State,* 232 Ga. 861 (209 SE2d 195) (1974), "slight evidence" is still the test. *Alderman v. State,* 241 Ga.

but not dealt with as other evidence corroborated Shirley Jean Baker's testimony about defendant's involvement in the crime.

496, 510 (246 SE2d 642) (1978); *Birt v. State,* 236 Ga. 815, 826 (225 SE2d 248) (1976). We find that the testimony that appellant lied during his polygraph test is sufficient independent evidence to corroborate the accomplice's testimony as to appellant's involvement in the crime. The evidence was sufficient to support the verdict of the jury finding appellant guilty beyond a reasonable doubt. Jackson v. Virginia, ⎯ U. S. ⎯ (99 SC 2781, 61 LE2d 560) (1979).

3. In his third enumeration of error, appellant contends that the trial court should have granted his motion for change of venue, or in the alternative, placed restrictions on publicity generated by his brother's trial. Gene Lamar Smith was tried and convicted immediately prior to the beginning of appellant's trial. Though some prospective jurors had read or heard news accounts of the first trial, no juror had formed an opinion (much less a "fixed" opinion) as to the guilt or innocence of appellant. Each juror asked, stated that he or she could render a verdict based solely on the evidence to be produced in court. There is no evidence of any bias whatsoever due to pretrial publicity. We find no abuse of discretion in refusing to change the venue of the trial or to restrict the publicity. See *Mooney v. State,* 243 Ga. 373, 388 (254 SE2d 337) (1979) and *Florence v. State,* 243 Ga. 738, 740 (256 SE2d 467) (1979).

4. In his fifth enumeration of error, appellant argues that the trial court should have granted his motion for a mistrial after the special prosecutor, in closing arguments, commented on his failure to produce any witnesses for the defense. Though the prosecutor may not comment on a *defendant's* failure to testify, " '[i]t is not error, nor is it improper for the prosecutor to reflect upon the failure of the defense to present any evidence to rebut the proof adduced by the state.' *Allanson v. State,* 144 Ga. App. 450, 455 (241 SE2d 314) (1978)." *Holmes v. State,* 148 Ga. App. 817 (253 SE2d 237) (1979). A comment upon a defendant's failure to produce a witness is not error. *Gamarra v. State,* 142 Ga. App. 196, 199 (235 SE2d 652) (1977). See also *Jordan v. State,* 239 Ga. 526, 527 (238 SE2d 69) (1977) and *Mitchell v. State,* 226 Ga. 450, 455 (175 SE2d 545) (1970).

5. In his sixth enumeration of error, appellant complains that the trial court erred in overruling his challenge to the array when he was forced to select a jury from a panel which included jurors earlier rejected by his attorney during the trial of appellant's brother (the same attorney represented both brothers). The trial court made a determination that the jurors put upon this defendant were qualified and impartial. A defendant is entitled to a panel of qualified jurors not a panel of preferred jurors. We find no error.

*Judgment affirmed. Nichols, C. J., Undercofler, P. J., Hill and Marshall, JJ., and Judge Charles L. Weltner, concur. Jordan and Bowles, JJ., concur in the judgment only. Clarke, J., not participating.*

ARGUED NOVEMBER 19, 1979 — DECIDED FEBRUARY 6, 1980.

*G. Keith Murphy,* for appellant.
*H. Lamar Cole, District Attorney, Arthur K. Bolton, Attorney General,* for appellee.

BOWLES, Justice, concurring in judgment.
I must concur in the judgment only in this case because of my dissent in *State v. Chambers,* 240 Ga. 76, 81 (239 SE2d 324) (1977).
I am authorized to state that Justice Jordan joins in this concurrence.