## 59609. CANTRELL v. THE STATE.

CARLEY, Judge.

Appellant brings this appeal from his conviction of armed robbery.

1. Appellant enumerates as error the admission into evidence, over objection, of certain testimony of the arresting officer. It is urged that this testimony was evidence of a separate and distinct crime. We do not agree. The officer's testimony related to the manner of arrest and to the circumstances connected therewith. *Clements v. State,* 226 Ga. 66 (172 SE2d 600) (1970). The testimony was material and relevant to the witness' explanation of his conduct in seeking and arresting appellant. *Moss v. State,* 144 Ga. App. 226 (240 SE2d 773) (1977). There was no error. *Barber v. State,* 142 Ga. App. 156 (235 SE2d 629) (1977).

2. The denial of appellant's motion for a continuance is enumerated as error. The grounds for the continuance were that his attorney needed adequate time to prepare a defense and that pretrial publicity had denied him the right to a fair trial. Appellant was indicted for the offense on August 15, 1979. Appellant had originally been provided court appointed counsel who moved to withdraw from the representation because "[appellant] does not want said appointed Counsel to serve as such . . . [and] will not cooperate with present appointed Counsel to articulate an adequate defense of his case until present Counsel is withdrawn by Order of the Court." Appellant's present counsel was then retained on October 18, 1979, and made the motion for continuance on October 22, 1979, the day before trial.

A motion for a continuance predicated on the basis that counsel has not had sufficient time to prepare for trial addresses itself to the sound discretion of the trial judge, and a ruling denying such a

motion will not be interfered with unless the judge has abused his discretion in denying the motion. *Burnett v. State,* 240 Ga. 681, 684 (242 SE2d 79) (1978). "The conduct of the party is obviously relevant and is a proper consideration for the judge in the exercise of his discretion. [Cit.] The reason for this is to prevent a party from using discharge and employment of counsel as a dilatory tactic." *Huckaby v. State,* 127 Ga. App. 439, 440 (194 SE2d 119) (1972). In the instant case we find no abuse of the trial court's discretion in denying the motion for continuance. "The fact that [appellant] changed counsel and that the new counsel, who came in one day prior to the trial, requested a continuance which was denied, does not represent reversible error. The [appellant], not the state, is chargeable with the delay in such a situation, absent a showing of why the late employment of counsel occurred." *Jones v. State,* 146 Ga. App. 88 (245 SE2d 449) (1978). It was not error to deny the motion for continuance based upon retained counsel's alleged lack of preparation. Nor was it an abuse of discretion to deny the continuance based upon alleged adverse pretrial publicity. *Burnett v. State,* 240 Ga. 681, 684, supra.

3. Citing Neil v. Biggers, 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972), appellant enumerates error on the admission of testimony concerning the preindictment identification by several eyewitnesses of appellant as the perpetrator and the subsequent in-court identification. It is urged that these identifications were the result of impermissibly suggestive identification procedures. Two of the witnesses identified appellant at a lineup. In light of the evidence concerning the composition and conduct of this lineup, we find meritless appellant's argument that it was impermissibly suggestive and that the witnesses' identification testimony should have been excluded. *Mitchell v. State,* 236 Ga. 251, 254 (2) (223 SE2d 650) (1976); *Heyward v. State,* 236 Ga. 526 (224 SE2d 383) (1976); *Mullins v. State,* 147 Ga. App. 337 (4) (248 SE2d 706) (1978). Another eyewitness identified appellant after being shown a single photograph of him by the authorities. Even assuming that this single photographic display was impermissibly suggestive, we find there was not, in light of the totality of the circumstances, a substantial likelihood of misidentification by this eyewitness. *Talley v. State,* 137 Ga. App. 548, 550 (2) (224 SE2d 455) (1976); *Pittman v. State,* 149 Ga. App. 729 (256 SE2d 67) (1979); *Bradley v. State,* 152 Ga. App. 902 (264 SE2d 332) (1980).

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

ARGUED MARCH 4, 1980 — DECIDED MAY 8, 1980 —
REHEARING DENIED MAY 23, 1980 —

*William E. Glisson,* for appellant.
*Stephen A. Williams, District Attorney,* for appellee.