66621. WEHUNT v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction for improper passing and vehicular homicide. *Held:*

1. The general grounds are asserted in three enumerations.

The evidence authorized the jury to find as follows: Defendant was an officer of the Roswell Police Department. On the evening of May 12, 1982, Officer Brackett observed from his unmarked police car a man in Roswell Mall load items from a Goodwill trailer into a car and drive away heading north on Roswell Road, Highway 9. Brackett radioed this information in with description of the car and Officers Algood and Jennings, each in separate marked police cars, both responded and started north on Highway 9 to look for the perpetrator. As they received further information that Goodwill probably would not prosecute, Algood and Jennings did not proceed at high speed with blue warning lights operating. Defendant, in a marked police car but farther away than Algood and Jennings, also responded to the call. The watch commander observed defendant moving north on Highway 9 past the police station at a high rate of speed and, by radio, directed defendant to slow down. Defendant acknowledged this direction. Thus proceeding north on Highway 9 to look for the perpetrator's car were three marked police cars with Algood in front, followed by Jennings, and defendant coming up rapidly in the rear. None of the cars had their blue warning lights operating. Algood and Jennings saw defendant's headlights approaching from the rear and saw defendant pull into the southbound lane of the two lane road to pass them. When defendant was about halfway between Jennings and Algood, he was still on the left lane and was across the center double yellow nopassing lines going into a curve. There defendant's vehicle collided with another vehicle coming south in the southbound lane, resulting in the death of the driver of that car. Algood observed defendant's flashing blue lights were on after the impact.

Defendant's testimony was that when he came upon the other two police cars, he decided to turn around and go back and turned on his blue lights; and when he stepped on his brakes to slow down, his brakes grabbed and caused his car to go into the opposing traffic lane. He stated that he then had to accelerate his car to overcome the braking problem, passed Jenning's car and was unable to get back into the right lane of the road before striking the victim's car. There was conflicting evidence as to whether there was a defect in defendant's car's brakes. A witness expert in traffic investigation testified from photographs of the skid marks made by defendant's car leading up to the point of the collision. He opined that these marks showed that the car was pulling to the left when the brakes were applied.

Construing the evidence in favor of the verdict as we must,

(*McLaughlin v. State,* 132 Ga. App. 88 (1) (207 SE2d 629)), we find that it is sufficient to authorize a rational jury to find defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. The fourth enumeration is without merit. There is nothing in the record to show that an unsigned and unsworn traffic citation was used as a basis of the accusation. On the contrary, the record contains an accusation for each of the two counts, signed by the solicitor general of Fulton County. These fully meet the requirements of OCGA § 17-7-71 (a) (Code Ann. § 27-705) as there is nothing to indicate that defendant was arrested pursuant to an arrest warrant based on the accusations.

3. Error is enumerated because the trial court denied a defense motion for a continuance to prepare for trial.

The offense was allegedly committed on May 12, 1982. Before his scheduled arraignment in August defendant had retained an attorney who waived formal arraignment and entered a plea of not guilty. On October 14, this attorney informed the solicitor's office that he was no longer representing defendant. On October 21, defendant received a letter from the solicitor informing him that his case was scheduled for trial on November 2. On October 27, the defendant came to see the assistant solicitor who was prosecuting the case about getting a continuance. The assistant solicitor got the trial judge to agree to hear defendant's request for a continuance later that day, but defendant did not remain at the courthouse for the scheduled hearing despite the assistant solicitor's urging defendant of the importance of doing so. Thereafter, at the assistant solicitor's suggestion, the trial court appointed two attorneys to investigate and to be prepared to try the case in the event that defendant appeared for trial without counsel. The appointed counsel were provided full access to the state's file and examined and made photographs of the scene of the collision. They were unable to contact defendant at his home. On the scheduled trial date of November 2 defendant appeared with another lawyer, who had apparently been retained on October 29 and first saw the defendant on November 2. Because the newly retained counsel was scheduled to try another case in another court on the same day and also was not prepared to try defendant's case, he requested a continuance. This was denied and the trial court directed the trial to proceed with the appointed counsel to defend the case.

"A motion for a continuance predicated on the basis that counsel has not had sufficient time to prepare for trial addresses itself to the sound discretion of the trial judge, and a ruling denying such a motion

will not be interfered with unless the judge has abused his discretion in denying the motion. [Cit.] 'The conduct of the party is obviously relevant and is a proper consideration for the judge in the exercise of his discretion. [Cit.] The reason for this is to prevent a party from using discharge and employment of counsel as a dilatory tactic.' [Cit.] In the instant case we find no abuse of the trial court's discretion in denying the motion for continuance. 'The fact that [appellant] changed counsel and that the new counsel, who came in one day prior to trial, requested a continuance which was denied, does not represent reversible error. The [appellant], not the state, is chargeable with the delay in such a situation, absent a showing of why the late employment of counsel occurred.' [Cit.] It was not error to deny the motion for continuance based upon retained counsel's alleged lack of preparation." *Cantrell v. State,* 154 Ga. App. 725 (2) (270 SE2d 12).

We likewise find no abuse of discretion in denying the continuance in this case.

4. Defendant asserts he was denied effective assistance of counsel because his two appointed counsel requested and were denied multiple continuances and recesses in order to subpoena witnesses, to obtain physical evidence, and to conduct further cross-examination of state's witnesses who had already testified and been cross-examined.

What appears of record is that defendant's appointed counsel were apparently denied the effective assistance of defendant, who refused to communicate or cooperate with them until the state had rested. At that time, upon informing the court of this, counsel requested and were granted a continuance to 11:00 a.m. the following day to subpoena evidence and further interview witnesses. Defendant's intransigence resulted in his counsel's being unable to timely subpoena certain real evidence and required them to recall state's witnesses for direct examination as defense witnesses in order to bring out what should have been developed in the cross-examination of these witnesses if counsel had then known what they later discovered. Under these circumstances it is remarkable that appointed counsel were able to present evidence corroborating defendant's testimony, indicating a possible defect in defendant's car's brakes as the cause of the collision, as effectively as they did. Defendant was not denied effective assistance of counsel. Compare, *Dasher v. State,* 157 Ga. App. 664 (2) (278 SE2d 465).

5. After having received the continuance noted in the foregoing division, on the following day at the end of the continuance counsel moved for another continuance in order to obtain the brake parts from the police car defendant had been driving for examination by an

expert prior to the presentation of the expert's testimony. The denial of this additional continuance is enumerated as error.

During the continuance granted, defense counsel were able to successfully subpeona the maintenance records of the police car and to secure the services of an expert. The examination of the brake parts by the expert could also have been accomplished during the continuance, especially since there were two defense counsel who should have been able to do more than a lone counsel under the circumstances by the third day of the trial. Accordingly, we find no abuse of discretion in denying the additional continuance.

6. Defendant's request to recall state's witnesses for further cross-examination for impeachment purposes was properly denied, as the court was not informed of what statements were intended to be contradicted. "[D]efendants requested that [a] witness be recalled for further cross-examination . . . 'for the purpose of cross-examination in order to lay a ground for impeachment under Code § 38-1803 (now OCGA § 24-9-83).' The request was denied. The recalling of a witness for further examination at the instance of either party is always within the discretion of the trial judge. [Cit.] . . . Code § 38-1803 does not state that to lay a foundation for proof of a contradictory statement a witness may be recalled at any time. Counsel did not inform the court what contradictory statement he expected to prove. Absent any offer of proof, we cannot say that the trial court abused its discretion." *Money v. State,* 137 Ga. App. 779 (3), 780 (224 SE2d 783), cert. denied in 429 U. S. 58.

In the instant case, we likewise find no abuse of discretion in denying the recall of witnesses for further cross-examination.

7. Defendant waived the right to enumerate as error an apparent slip of the tongue in the charge, as defendant's counsel was asked and stated he had no objection to the charge as given. *White v. State,* 243 Ga. 250, 251 (253 SE2d 694). Moreover, considering the charge as a whole, it is most unlikely the jury was misled or any harm done to the defendant. *Mathis v. State,* 153 Ga. App. 587 (1) (266 SE2d 275).

8. Defendant's amended and supplemental enumerations of error will not be considered, as enumerations of error may not be amended after the time for filing has expired. *Burke v. State,* 153 Ga. App. 769 (7) (266 SE2d 549).

9. Remaining allegations of error are either mooted or are not meritorious.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 8, 1983 —
REHEARING DENIED OCTOBER 7, 1983 — 

*William J. McKenney,* for appellant.

*James L. Webb, Solicitor, Deborah S. Greene, Assistant Solicitor,* for appellee.