### 41971. MILES v. THE STATE.
(328 SE2d 535)

HILL, Chief Justice.

Shawn Miles was convicted of the murder of James Coulter, an encyclopedia salesman, in DeKalb County. He was sentenced to life in prison and appeals.[1]

Gregory Stokes was walking through the East Lake Meadows housing project when he saw the defendant, whom he recognized, run down a little hill toward a dark blue Camaro, saying, "I got it." The defendant got into the back seat of the Camaro on the passenger side, and the car, driven by another male, pulled out of the parking lot onto the street. Stokes then heard a gunshot and the car careened over the curb and into a field before coming to a stop. A person got out of the car and ran away.

Barbara Price and her brother Larry, who were waiting at a stop sign for the Camaro to pass, also saw it suddenly leave the road. Thinking the driver had had a heart attack, Ms. Price ran to the car. When she reached it, she realized that the driver had been shot in the head. She was surprised to see a man get out of the other side of the car, put something long and black under his jacket and then run toward the apartments. She did not know the person who got out of the car, but picked out the defendant's photo from a photographic array.

Tyrone King was helping a friend tune his car when he saw the Camaro go into the field. As he watched, the defendant, whom he knew by sight, got out of the car and ran within a few feet of him on his way back to the apartments. King testified to his observations at trial, but at the time of the crime did not identify the defendant for the police.

When the defendant, who was then 17 years old, heard that the police were looking for him, he fled to South Carolina. His family, however, persuaded him to return and turn himself in, which he did in the company of his then attorney. With his attorney present, the defendant made a statement. In it, he related that he had gotten into the Camaro in the parking lot to sell the victim some marijuana, but got back out of the car when the victim refused the purchase because

---

[1] The murder occurred on March 16, 1984, and the defendant was convicted on October 5, 1984. His motion for new trial was filed on October 30, the transcript was filed on December 7, the motion for new trial was overruled on December 11, and notice of appeal was filed on December 27, 1984. The record was docketed in this court on January 17, 1985, and the case was submitted for decision on March 1, 1985.

the bags were not full enough. He then went to his girl friend's house where he later learned that the victim had been shot. When he heard the police were looking for him, he went to South Carolina because he did not want to be shot by the police for something he did not do.

1. The evidence is sufficient to allow a rational jury to find the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Admission into evidence of a photograph of the victim showing the shotgun wound to the back of the victim's head was not error. *Brown v. State*, 250 Ga. 862, 867 (302 SE2d 347) (1982); *Scott v. State*, 250 Ga. 195, 199 (297 SE2d 18) (1982).

3. Any error in permitting the investigating officer to testify as to hearsay was harmless beyond a reasonable doubt.

4. We find no reversible error in the prosecutor's closing argument, *Smith v. State*, 245 Ga. 205 (4) (264 SE2d 15) (1980), or in his interruption of defense counsel's closing argument. *Harrell v. State*, 253 Ga. 474 (4) (321 SE2d 739) (1984).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 16, 1985.

*Alden W. Snead,* for appellant.

*Robert E. Wilson, District Attorney, James W. Richter, Barbara B. Conroy, Assistant District Attorneys, Michael J. Bowers, Attorney General, Dennis R. Dunn,* for appellee.