A91A1491. BATES v. THE STATE.
(414 SE2d 691)

CARLEY, Presiding Judge.

After a jury trial, appellant was found guilty of obstruction of an officer and he appeals from the judgment of conviction and sentence entered on the jury's guilty verdict.

1. Appellant was indicted on August 1, 1990 and arraigned on August 21, 1990. On September 13, 1990, appellant first attempted to employ counsel to represent him. On September 17, 1990, appellant's counsel moved for a continuance on the ground that his "involvement in the case [had begun no earlier than] Thursday[, September 13, 1990]. . . ." The motion was denied and appellant was tried on September 18, 1990. The denial of the motion for a continuance is enumerated as error.

"A motion for a continuance predicated on the basis that counsel has not had sufficient time to prepare for trial addresses itself to the sound discretion of the trial judge, and a ruling denying such a motion will not be interfered with unless the judge has abused his discretion in denying the motion. [Cit.] 'The conduct of the party is obviously relevant and is a proper consideration for the judge in the exercise of his discretion. (Cit.) The reason for this is to prevent a party from using . . . employment of counsel as a dilatory tactic.' [Cit.] In the instant case we find no abuse of the trial court's discretion in denying the motion for continuance." *Cantrell v. State*, 154 Ga. App. 725-726 (2) (270 SE2d 12) (1980). " 'The (appellant), not the [S]tate, is chargeable with the delay in such a situation, absent a showing of why the late employment of counsel occurred.' [Cit.]" *Cantrell v. State*, supra at 726 (2). Thus, "[i]t cannot be said as a matter of law that the trial court abused its discretion in overruling the motion [on this ground]. [Cits.]" *Barber v. State*, 120 Ga. App. 666-667 (1) (171 SE2d 747) (1969). See also *McLendon v. State*, 123 Ga. App. 290 (2a) (180 SE2d 567) (1971).

2. Appellant's counsel also moved for a continuance on the ground "that the State on Friday[, September 14, 1990,] had given [him] notification [of] four new witnesses. . . ." The denial of the motion for a continuance on this ground is enumerated as error.

The record contains no demand made by appellant pursuant to OCGA § 17-7-110. *Coleman v. State*, 124 Ga. App. 313-314 (1) (183 SE2d 608) (1971). However, even assuming that a demand had been made, "[t]here is no merit to appellant's contention that the trial court should have granted a continuance after the [S]tate gave him a supplemental list of [four] witnesses. [According to appellant,] [o]nly [two] of these witnesses testified and did so [four] days after [receipt of the supplemental list]. [Cit.]" *Jones v. State*, 247 Ga. 268, 271 (3) (275 SE2d 67) (1981). Appellant's counsel did not ask for additional time to interview the witnesses, " 'did not claim to be unfairly surprised by [the supplemental list] and did not allege prejudice of any kind from the fact that the notification was [four days prior to trial]. Under these circumstances any defect in the failure of the prosecution to [provide a timely] written list of witnesses is harmless. (Cit.)' [Cits.]" *Griffin v. State*, 183 Ga. App. 386, 388 (3) (358 SE2d 917) (1987).

*Judgment affirmed. Beasley, J., and Judge Arnold Shulman concur.*

Decided January 8, 1992.

*Cornwell, Church & Healy, Timothy P. Healy,* for appellant.

*Michael H. Crawford, District Attorney, George N. Guest, Assistant District Attorney,* for appellee.