## A93A0735. HIBBARD v. THE STATE.
(430 SE2d 824)

McMurray, Presiding Judge.

Defendant Hibbard appeals his conviction of the offense of reckless driving. *Held*:

Defendant's sole enumeration of error complains that the trial court denied a motion for continuance based upon his trial counsel's statement that he had inadequate and insufficient time for preparation for trial. On July 1, 1991, counsel was appointed to represent defendant. Appointed counsel represented defendant up until September 16, 1991, the date of the beginning of defendant's trial, when appointed counsel was allowed to withdraw because defendant had retained counsel over the preceding weekend. Retained counsel moved for a continuance on the morning of the trial date and offered evidence that the defendant's displeasure with appointed counsel had arisen from a disagreement with him two days previously, that it had been appointed counsel who had suggested his withdrawal, and that appointed counsel had not been "fired" by defendant.

" 'A motion for a continuance predicated on the basis that counsel has not had sufficient time to prepare for trial addresses itself to the sound discretion of the trial judge, and a ruling denying such a motion will not be interfered with unless the judge has abused his discretion in denying the motion. (Cit.) "The conduct of the party is obviously relevant and is a proper consideration for the judge in the exercise of his discretion. (Cit.) The reason for this is to prevent a party from using . . . employment of counsel as a dilatory tactic." (Cit.) In the instant case we find no abuse of the trial court's discretion in denying the motion for continuance.' *Cantrell v. State*, 154 Ga. App. 725-726 (2) (270 SE2d 12) (1980). ' "The (appellant), not the State, is chargeable with the delay in such a situation, absent a showing of why the late employment of counsel occurred." (Cit.)' *Cantrell v. State*, supra at 726 (2)." *Bates v. State*, 202 Ga. App. 460 (1), 461 (414 SE2d 691). See also *Wehunt v. State*, 168 Ga. App. 353, 355 (3) (309 SE2d 143); *Hightower v. State*, 166 Ga. App. 744 (2) (305 SE2d 372) (reversed on other grounds in *State v. Hightower*, 252 Ga. 220 (312 SE2d 610)); *Cantrell v. State*, 154 Ga. App. 725 (2), supra. As defendant failed to show the nature of his disagreement with appointed counsel or why that disagreement necessitated the employment of retained counsel, the trial court was authorized to conclude that defendant was attempting to use the change of counsel as a dilatory tactic. We find no abuse of discretion in the trial court's denial of defendant's motion for continuance.

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED APRIL 5, 1993.

*T. Michael Martin*, for appellant.
*Keith C. Martin, Solicitor*, for appellee.