## A93A0167. STAPLES v. THE STATE.
(434 SE2d 757)

SMITH, Judge.

Herman Lee Staples was tried by a jury on a four-count indictment involving possession of illegal drugs. He was acquitted on three counts and found guilty of one count of trafficking in cocaine. His motion for a new trial was denied.

1. Staples, who is black, joined in a co-defendant's timely challenge to the prosecutor's use of peremptory strikes, alleging a violation of *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986). He contends the trial court erroneously overruled this challenge. The record reveals that the prosecutor stated for the record that peremptory challenges were used to strike five of the eight qualified black persons in the venire of forty-two. Three black jurors were selected and served.[1] The trial court ruled, based strictly on a mathematical analysis, that Staples had failed to make a prima facie showing of a *Batson* violation. The prosecutor then placed her reasons for striking the black jurors on the record. However, the trial court made no further ruling, resting on its prior ruling that no prima facie case of discrimination had been made.

The prosecutor exercised a disproportionate number of strikes by using half against blacks in selecting from a venire which was only nineteen percent black (eight out of forty-two). This was a prima facie showing of discriminatory intent sufficient to require the prosecutor to explain her strikes. The mere fact that the trial jury contained a greater percentage of black jurors (25 percent) than were in the qualified venire (19 percent) no longer is sufficient to rebut the inference of intentional discrimination arising from the prosecutor's use of a disproportionate number of peremptory strikes to remove black potential jurors. *Davis v. State*, 263 Ga. 5, 7, n. 3 (426 SE2d 844) (1993). The trial court erred in concluding that no prima facie case of discriminatory jury selection had been made, based only on the relative percentages of black jurors in the jury as selected and in the venire. *Weems v. State*, 262 Ga. 101 (416 SE2d 84) (1992).

The trial court further erred in not making the additional factual determination of whether the prosecutor's stated reasons for her strikes were sufficient to rebut that prima facie showing. However, a reversal of Staples's conviction is not mandated by these omissions. The error may be cured by a post-trial hearing on the *Batson* chal-

---

[1] Although mere colloquy between counsel and the court is insufficient to perfect the record for appellate review of a *Batson* claim, *Shaw v. State*, 201 Ga. App. 438, 440 (1) (411 SE2d 534) (1991), the statement of a prosecutor "for the record" is prima facie true and if, as here, the defendant does not object, it serves in the nature of a stipulation. *Morris v. State*, 228 Ga. 39, 48-49 (11) (184 SE2d 82) (1971).

lenge. There, the trial court is to make the appropriate findings on the record after determining the credibility of the reasons offered, (see *Tharpe v. State*, 262 Ga. 110, 112 (6) (416 SE2d 78) (1992)) as well as the facial validity of those reasons under the Equal Protection Clause as a matter of law (see *Hernandez v. New York*, 500 U. S. (IIB) (111 SC 1859, 114 LE2d 395) (1991)). In the event the trial court determines that the prima facie inference of intentional discrimination has not been rebutted by the prosecutor's use of her peremptory challenges for legitimate, race-neutral, and case related reasons, neutrally applied, a new trial must be granted. In the event that Staples's challenge is again overruled, that ruling may be reviewed on direct appeal, enumerating as error the denial of the challenge.

2. In several enumerations Staples urges the general grounds.

The evidence showed that Staples was a passenger in the rear of a vehicle stopped by the Georgia State Patrol. The driver consented to a search, and cocaine was found hidden in an area well up under the dashboard of the vehicle. There was testimony that the maneuvers necessary to hide cocaine in this inaccessible place could not have taken place during the brief time in which the car was followed and then stopped. Although he was not the owner of the vehicle, Staples was, as among the passengers, the leader and was in charge financially. He had sufficient private access to the vehicle during a time when the cocaine could have been hidden under the dashboard. Both Staples and the driver denied ownership of the cocaine. Staples was forcibly prevented from swallowing a large number of heroin pills at the time of his arrest.

Contrary to Staples's assertions, the equal access rule does not mandate reversal of his conviction. The equal access rule applies only where the sole evidence of possession of contraband found in the vehicle is the defendant's ownership or possession of or control over the vehicle. *Wright v. State*, 194 Ga. App. 739, 741 (2) (391 SE2d 791) (1990). The fact that Staples had access to the vehicle for a time sufficient to take the necessary steps to place the cocaine in an area far up under the dashboard was additional evidence to support the jury's verdict against him. Moreover, his attempt to destroy other evidence at the time of his arrest is circumstantial evidence of his guilty knowledge. See generally *Langham v. State*, 196 Ga. App. 71, 72 (2) (395 SE2d 345) (1990).

The evidence was sufficient to authorize a rational trier of fact to find Staples guilty of trafficking in cocaine under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. Prior to trial, appellant instructed the public defender to withdraw as his appointed counsel, on the ground that she was "racist" and uninterested in representing him. He declined the trial court's

offer of further assistance from that office, choosing instead to represent himself. In related enumerations of error, appellant urges that he was forced to trial without counsel and without a valid waiver of the benefit of counsel.

"A criminal defendant does have a constitutional right to be defended by counsel of his own selection whenever he is willing and able to employ such counsel. [Cits.] However, an indigent criminal defendant does not have an absolute right to discharge one court-appointed counsel and have another substituted in his place. A request of this sort addresses itself to the sound discretion of the trial court. [Cits.]" *Burney v. State*, 244 Ga. 33, 35 (1) (257 SE2d 543) (1979). The trial court was authorized to conclude that Staples was attempting to use the demand for a change of counsel as a dilatory tactic, *Hibbard v. State*, 208 Ga. App. 457 (430 SE2d 824) (1993), which was the functional equivalent of a knowing and voluntary waiver of appointed counsel. In such instances, the trial court may proceed to trial with the defendant representing himself. *Mercier v. State*, 203 Ga. App. 494, 495 (2) (417 SE2d 430) (1992).

Staples previously had been informed by the public defender of the nature of the charges against him and of the statutory minimum and maximum penalties. The record reflects that the trial court, fulfilling its important responsibility in this area, repeatedly apprised him of the dangers to a layman in conducting his own defense. See *Clarke v. Zant*, 247 Ga. 194, 196 (275 SE2d 49) (1981). He was well aware his own defense and that of his co-defendant were mutually antagonistic. Moreover, an attorney was made available during trial to respond to any questions of law or procedure that he might have. See *Williams v. State*, 192 Ga. App. 317, 318-319 (2) (384 SE2d 877) (1989). We find no error in the trial court's determination that Staples waived his right to appointed counsel and that he voluntarily and intelligently elected to proceed pro se after being fully apprised of the possible consequences. *Durham v. State*, 185 Ga. App. 163, 164 (1) (363 SE2d 607) (1987). Compare *Kirkland v. State*, 202 Ga. App. 356 (1) (414 SE2d 502) (1991) (relinquishment of a right to counsel cannot be inferred from silent record).

4. The trial court denied Staples's pretrial motions for a continuance in order to prepare for trial and to contact his witnesses, for the assistance of an investigator, and for the appointment of an independent expert witness. Although these rulings are enumerated as error, the record reflects that in response to Staples's motions, the trial court ordered that he have access to the court's law library and also to long distance telephone service at county expense. Inasmuch as these rulings are in substance the partial *grant* of the relief and assistance requested, we find no due process violation and no abuse of the trial court's discretion by denying a continuance, *Bates v. State*, 202

Ga. App. 460, 461 (1) (414 SE2d 691) (1992), or in refusing to hire an investigator. *Smith v. State*, 245 Ga. 168, 171 (9) (263 SE2d 910) (1980).

As to the trial court's refusal to hire an expert chemist, appellant's reliance upon *Sabel v. State*, 248 Ga. 10 (282 SE2d 61) (1981) is misplaced. *Sabel* held that the trial court erred in refusing to grant the accused's retained expert witness access to "critical evidence whose nature is subject to varying expert opinion." *Sabel*, supra at 18 (6). The evidence in *Sabel* that was both critical and subject to varying expert opinion consisted of paint samples taken from Sabel's hands as well as from defaced public property, which in an expert's opinion matched paint on defaced monuments, identifying Sabel as the perpetrator of the crime.

Staples does not challenge the chemical properties of the substance identified as cocaine or claim that the seized contraband, by its nature, misidentifies him as the perpetrator. The cocaine is not critical within the meaning of *Sabel*, and its identification as cocaine by an expert is not challenged. The trial court did not abuse its discretion in refusing to appoint an independent expert witness. *Reinhardt v. State*, 197 Ga. App. 825, 826-827 (1) (399 SE2d 729) (1990).

5. Over a chain of custody objection, the trial court admitted into evidence the cocaine seized from the vehicle in which Staples had been riding. This evidentiary ruling is enumerated as error.

The basis for Staples's objection is that the arresting officer seized a package of white powder weighing 553 grams, whereas the chemist from the State Crime Lab tested 431 grams of white powder and that one of the sheriff's deputies was under indictment for stealing from the evidence vault.

Where the State seeks to introduce evidence of a fungible nature, it must show a chain of custody which is adequate to preserve the identity of the evidence as that seized and show that there has been no tampering or substitution. *Johnson v. State*, 143 Ga. App. 169, 170 (1) (237 SE2d 681) (1977). The circumstances must establish reasonable assurance of the identity of the substance. *Patterson v. State*, 224 Ga. 197, 199 (2) (160 SE2d 815) (1968).

The powder came from the evidence vault, where it had been placed by the arresting officers. Although there was testimony that up to five keys to the evidence vault existed during the pertinent time period, a sheriff's employee identified a photograph she had taken of the substance as she received it. The discrepancy in weight was attributed to the difference between weighing the bundle as packaged at the time of arrest and weighing only the substance to be tested at the crime lab, and any inference of tampering was rebutted by the explanation given and by the absence of any physical manifestation of an improper opening and resealing. *Langham v. State*, supra at 71-72

(2). The possibility of complete substitution is rebutted by the testimony of the procedures employed to identify, store, and analyze items seized as suspected contraband. *Richards v. State*, 189 Ga. App. 146, 147 (1) (375 SE2d 278) (1988). There was no error in admitting the cocaine into evidence. Where there is only a possibility of tampering, substitution, or misidentification, "it is proper to admit the evidence and let what doubt remains go to its weight. (Cits.)' [Cits.]" *Johnson v. State*, supra at 170 (1).

6. Staples complains that he was subjected to selective prosecution. Even assuming this issue was timely raised before the trial court, Staples has failed to establish a prima facie case of unconstitutionally discriminatory enforcement or selective prosecution of the law, deliberately based upon an unjustifiable standard, such as race, religion, or other arbitrary classifications. *State v. Agan*, 259 Ga. 541, 547 (6) (384 SE2d 863) (1989); *State of Ga. v. Causey*, 246 Ga. 735, 737 (2) (273 SE2d 6) (1980).

7. Although Staples enumerates as error the failure to arraign him on a subsequent indictment, the record reflects that a plea of not guilty was entered on it. This generally amounts to a waiver of formal arraignment. *Preston v. State*, 257 Ga. 42, 44 (2) (354 SE2d 135) (1987). But see *Hicks v. State*, 145 Ga. App. 669 (1) (244 SE2d 597) (1978) (no waiver if accused makes timely express invocation of right to arraignment despite entry of plea).

8. During voir dire, but out of the presence of the panel, a black venireman expressed his disagreement with a generalization on race relations made by appellant. The venireman was seated as a juror and ultimately became the foreman. "If known to a party or his counsel, any objections to a juror for cause shall be made before the jury is sworn in the case." OCGA § 15-12-167. In the absence of a timely request, the trial court did not err by failing to strike this potential juror for cause. OCGA § 15-12-164 (c); *McKenzie v. State*, 248 Ga. 294, 298 (15) (282 SE2d 95) (1981).

9. Staples enumerates as error the State's alleged failure to disclose the felony conviction of a person listed as a witness for the State. This witness however, did not testify at trial. Moreover, this alleged conviction was known to Staples prior to trial, and he demanded that he be permitted to argue the fact of conviction despite the absence of a certified copy of that conviction. The evidence required was obtainable from public records by Staples. The State was not required to provide it to aid his defense. *Johnson v. State*, 244 Ga. 295, 298 (7) (260 SE2d 23) (1979).

10. Although represented on appeal by appointed counsel, Staples has nevertheless submitted a pro se filing, enumerating 45 errors allegedly committed by the trial court. Our State Constitution and the Federal Constitution do not provide a criminal defendant

with a right to simultaneous representation by counsel and self-representation. We therefore do not consider those errors raised or arguments made by Staples himself. It is his obligation to bring his concerns to his counsel's attention in a timely manner so counsel, in the exercise of professional judgment, may incorporate them in the enumerations of error and brief. *Coursey v. State*, 196 Ga. App. 135, 137 (5) (395 SE2d 574) (1990).

*Judgment of conviction affirmed and case remanded with direction. Johnson and Blackburn, JJ., concur.*

DECIDED JULY 15, 1993 —
RECONSIDERATION DENIED JULY 30, 1993 —

*Waymon Sims, Randolph E. Wynn*, for appellant.
Herman L. Staples, *pro se*.
*Edward D. Lukemire, District Attorney, Shelley S. Howard, Assistant District Attorney*, for appellee.