A96A2142. WILLIAMS v. THE STATE.
(483 SE2d 874)

SMITH, Judge.

On December 16, 1993, Mary Williams was indicted on three counts of sale of cocaine in violation of the Georgia Controlled Substances Act. OCGA §§ 16-13-20–16-13-114. In Count 1 she was charged with sale of cocaine on April 4, 1991. In the remaining two counts she was charged with sale of cocaine on April 1, 1992. Following a jury trial in March 1994, she was convicted only of Count 1. Williams was granted an out of time appeal in February 1996, her motion for new trial was denied, and this appeal ensued.

1. Williams contends the evidence is insufficient to support her conviction. Construed to support the verdict, evidence was presented that on April 4, 1991, GBI Agent Turner, accompanied by Theodore

Williams,[1] stopped on a residential street in Dougherty County and spoke with Mary Williams and another individual. After a brief conversation, Agent Turner purchased $200 worth of cocaine from Mary Williams. She contends that several factors, including the delay in time in bringing the action to trial, the time of day and lack of lighting during the sale, and "a lack of independent identification" results in "the hypothesis that a misidentification occurred." We find no merit in this contention because both Agent Turner and Theodore Williams positively identified Mary Williams as the person from whom the cocaine was purchased on April 4, 1991. In fact, Theodore Williams testified that he knew Mary Williams even before the April 1991 transaction. This evidence was sufficient to enable a rational trier of fact to convict Williams under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Hopkins v. State*, 222 Ga. App. 157 (473 SE2d 267) (1996).

2. When Williams's case was called for trial on March 22, 1994, the State announced ready, but Williams appeared pro se and announced that she had instructed her appointed counsel, Ledford, that she planned to retain an attorney; according to Williams, Ledford had not discussed her case with her after she was released from prison on March 8. Williams did not retain counsel before trial, however, and she stated to the court that she had not had time to prepare her defense after she was released from prison. Ledford was also present in the courtroom. He acknowledged that Williams had discharged him but stated that he was present at trial to assist Williams "as to how the trial will be conducted" at the court's direction. He requested that Williams express any objection she had to his assistance, but no objection appears in the record. We note that before he was discharged, Ledford also moved for a continuance on the basis that he had not had sufficient contact with Williams.

The trial court refused to grant a continuance. Ledford assisted Williams during the first day of trial. After opening statements and partial direct examination of one of the State's witnesses, the State moved for a continuance until the next day because evidence had been inadvertently left at the crime lab. Over Williams's objection, the trial court granted the motion.

When the trial recommenced the next day, another attorney, Weaver, appeared and announced that Williams had retained him late in the afternoon the preceding day. He requested a continuance on the basis that he was not prepared for trial and on the ground that Williams admitted before the jury that she had been in prison. The

---

[1] There is no indication in the record that Theodore Williams is related to the appellant, Mary Williams.

trial court denied the motion, stating that the issue had been joined. Ledford requested that he be relieved from his duties because Williams had retained counsel. The trial court denied this request as well, requiring Ledford to assist Weaver, because Weaver probably was not familiar with the case. Williams acknowledged that she wanted Weaver to remain as her counsel despite the trial court's denial of the motion for continuance. Williams therefore was assisted by two attorneys for the remainder of the trial. Additionally, Ledford hired an investigator before Williams discharged him, and the investigator was allowed to assist with the defense as well.

Williams contends that the trial court erroneously refused to continue the trial. A motion for continuance on the basis of lack of time for counsel to prepare addresses itself to the trial court's discretion. *Hibbard v. State*, 208 Ga. App. 457 (430 SE2d 824) (1993). In the exercise of its discretion, the trial court may consider the conduct of the party requesting the continuance. "The reason for this is to prevent a party from using employment of counsel as a dilatory tactic." (Citations and punctuation omitted.) Id. "Denial of continuance may be proper where defendant negligently failed to employ counsel promptly or where it appears he is using the tactic for delay. [Cit.]" *Stephens v. State*, 208 Ga. App. 620, 621 (1) (431 SE2d 422) (1993). See also *Wehunt v. State*, 168 Ga. App. 353, 356 (4) (309 SE2d 143) (1983).

Even if Ledford did not discuss her case with Williams after she was released from prison on March 8, he was not idle. During the interim between Williams's release and trial, Ledford subpoenaed witnesses and hired an investigator to assist him.[2] Additionally, at least through March 16 when Ledford requested that subpoenas be issued, Williams was still represented by appointed counsel, who did prepare for trial on her behalf. Unlike *Shaw v. State*, 251 Ga. 109 (303 SE2d 448) (1983), in which defendant made a good faith, diligent effort to obtain trial counsel, Williams has offered no reason why, after discharging appointed counsel, she failed to retain new counsel until the second day of trial. See *Stephens*, supra. Absent a showing of why this late employment of counsel occurred, Williams, not the State, is chargeable with the delay. *Wehunt*, supra at 356 (4). Under these circumstances, the trial court did not abuse its discretion in refusing to continue the trial. See id.; *Stephens*, supra; *Hibbard*, supra.

3. Williams also maintains that the trial court required her to proceed without counsel. With Williams's consent, Ledford assisted

---

[2] The trial was noticed for March 16 but for unexplained reasons did not begin until March 22.

her with the trial through voir dire, opening statements, and through about fifteen minutes of the direct examination of one of the State's witnesses, before the trial was continued until the next day. The following day, Williams was represented by Weaver as well as Ledford and his investigator, both of whom were familiar with her defense. This case is thus distinguished from cases in which the defendants were represented only by newly appointed or retained counsel who knew nothing about the facts of the case. See *Hughes v. State*, 168 Ga. App. 413, 414-415 (2) (309 SE2d 409) (1983) and cases cited therein; *Ware v. State*, 137 Ga. App. 673, 675-676 (3) (224 SE2d 873) (1976). Although Weaver was new, he conducted extensive cross-examination of the State's witnesses, submitted requests to charge, and examined two witnesses on behalf of Williams. In addition, it appears that his representation helped Williams win acquittals on two of the three charges against her. Williams can hardly be heard to argue that she was not represented.

4. Williams complains the trial court erroneously allowed the trial to proceed after she announced to the court that she had just been released from prison and needed time to prepare for the trial; she maintains this statement improperly placed her character before the jury. It is not clear whether the jury pool heard Williams's two remarks about prison. But whether or not the potential jurors overheard the statements is immaterial here; Williams volunteered the information and therefore may not complain on appeal because a party may not appeal self-induced error. See *Littlefield v. State*, 197 Ga. App. 343, 344 (2) (398 SE2d 375) (1990).

5. Without specifically stating how a pre-trial identification was suggestive, Williams complains that the identification of her "was the unreliable product of unduly suggestive procedures creating a substantial risk of misidentification at trial." We assume she is referring to the identification made by Theodore Williams when Agent Turner showed him several photographs of different individuals, all named "Mary Williams," which he obtained at the Dougherty County Sheriff's Office. We note first that Williams did not object to testimony concerning this identification and consequently waived complaint about this evidence on appeal. See *Seabrooks v. State*, 251 Ga. 564, 567 (1) (308 SE2d 160) (1983).

Assuming without deciding that the identification was somehow tainted, an "in-court identification is not constitutionally inadmissible if it does not depend upon the prior identification but has an independent origin." (Citation and punctuation omitted.) *Merritt v. State*, 211 Ga. App. 228, 229 (3) (438 SE2d 691) (1993). Theodore Williams's identification of Mary Williams did not depend on the photographic lineup. He knew Mary Williams socially even before he assisted Agent Turner with the buy because he and Mary Williams

had used drugs together. We find no merit in this contention.

6. Williams contends the trial court erroneously denied her motion for directed verdict because the evidence did not show that the offense occurred at the location alleged in the indictment. Although the indictment alleged that the offense occurred on Residence Avenue, and the proof showed that it occurred on Roosevelt Avenue, the trial court did not err in denying the motion for directed verdict. A fatal variance did not exist between the allegations of the indictment and the proof at trial. The evidence showed that the sale occurred in Dougherty County. As in *Hunt v. State*, 219 Ga. App. 741 (466 SE2d 894) (1996), "[w]ith the exception of the location of the county in which the alleged crime occurred, . . . the specific location was not an element of the crime charged against [Williams], and the location charged in the indictment was mere surplusage. [Cits.]" Id. at 744 (4). See also *Stacey v. State*, 214 Ga. App. 130, 131 (447 SE2d 339) (1994).

7. Raising the same arguments discussed above, Williams contends the trial court erroneously denied her motion for new trial. We find no merit in this contention for the reasons stated in the preceding divisions.

8. Williams correctly contends she was erroneously denied a presentence hearing pursuant to OCGA § 17-10-2 (a). That statute provides in part: "Except in cases in which the death penalty or life without parole may be imposed, upon the return of a verdict of 'guilty' by the jury in any felony case, the judge shall dismiss the jury and *shall* conduct a presentence hearing at which the only issue shall be the determination of punishment to be imposed." (Emphasis supplied.) Upon announcement of the jury's verdict of guilty on March 23, 1994, the trial court said, "[S]he will be sentenced on April 14th at 8:30; take her into custody." The trial court's entry of judgment reflects that Williams actually was sentenced on March 25, 1994. No explanation appears in the record as to why Williams was sentenced on that date rather than on April 14, and the record is silent as to whether a presentence hearing was ever conducted.[3] We consequently affirm the judgment of conviction, but because a presentence hearing was mandatory, we vacate the sentence and remand to the trial court for resentencing in accordance with OCGA § 17-10-2. See *Hayes v. State*, 211 Ga. App. 801, 804-805 (3) (440 SE2d 539) (1994); *King v. State*, 168 Ga. App. 291, 294 (6) (308 SE2d 612) (1983).

*Judgment of conviction affirmed, sentence vacated and case remanded with direction. Andrews, C. J., and Pope, P. J., concur.*

[3] We do not find a presentence hearing transcript or any other indication in the record that such a hearing was conducted.

DECIDED FEBRUARY 14, 1997 —
RECONSIDERATION DENIED MARCH 10, 1997.

*David E. Slemons*, for appellant.

Mary Williams, *pro se*.

*Britt R. Priddy*, District Attorney, *Sadhana Pandey*, Assistant District Attorney, for appellee.