## A96A1102. HOPKINS v. THE STATE.
(473 SE2d 267)

JOHNSON, Judge.

A jury found Kareem Abdul Hopkins guilty of selling cocaine. Hopkins appeals, arguing that the evidence was insufficient to authorize his conviction because he was elsewhere at the time of the transaction and the agent who identified him as the seller must have mistaken him for someone who looked like and often visited Hopkins in his motel room.

Viewing the evidence in the light most favorable to the jury's verdict, it shows that a confidential informant told an agent with the federal Naval Investigative Service that Hopkins was selling drugs out of his motel room in Kingsland, Georgia, near a naval base. The agent set up an undercover narcotics operation using naval security officer John Cornish as the buyer. Before sending Cornish and the confidential informant to Hopkins' room, they were searched for money and drugs. When Cornish and the informant arrived at the motel room, a man opened the door and was introduced by the informant as "Kareem." The man identified as "Kareem" went back into the room, came out and walked down the corridor with the informant and Cornish. Kareem pulled out two small plastic bags and said "forty." Cornish gave him $40 in government funds and was handed the plastic bags containing what later tested positive for cocaine. At trial, Cornish identified Hopkins as the person who sold him the cocaine. The manager of the motel testified that Hopkins was staying in the room on the date of the transaction.

"On appeal of a criminal conviction, the appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility." (Citations and punctuation omitted.) *Platt v. State*, 211 Ga. App. 721, 722 (440 SE2d 495) (1994). In light of Cornish's in-court testimony and other evidence presented by the state, the jury was authorized to and did reject Hopkins' alibi testimony. See *Slaughter v. State*, 217 Ga. App. 449, 450 (1) (a) (459 SE2d 168) (1995). Moreover, the accuracy of eyewitness identification is within the exclusive province of the jury. *Gray v. State*, 213 Ga. App. 507, 509 (1) (445 SE2d 328) (1994). The evidence was sufficient to sustain Hopkins' conviction for sale of cocaine under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Hutson v. State*, 216 Ga. App. 100 (1) (453 SE2d 130) (1995).

*Judgment affirmed. McMurray, P. J., and Ruffin, J., concur.*

158

*Clyde M. Urquhart*, for appellant.
*Glenn Thomas, Jr., District Attorney, George C. Turner, Jr., Assistant District Attorney*, for appellee.