A99A0899. FORD v. THE STATE.
(520 SE2d 923)

SMITH, Judge.

Gary Ford was indicted by a Clarke County grand jury on a charge of robbery by intimidation. He was tried by a jury, which found him guilty as charged. His motion for new trial was denied, and he appeals, contending that the evidence was insufficient to support the verdict and that the trial court erred in admitting evidence of a similar transaction. We find no merit in these contentions, and we affirm the judgment.

1. Ford contends the State presented insufficient evidence showing that he was the person who committed the robbery in issue, which was the only contested issue at trial. We do not agree.

The evidence presented at trial showed that a convenience store on North Avenue in Clarke County was robbed at about 10:00 p.m. on January 23, 1997, when a man entered the store wearing a dark blue hooded sweatshirt pulled tight around his face. Two clerks were working in the store that night. The man came up to one of the clerks and told her to give him all her money. His hands were inside his shirt, as though holding a weapon to the clerk's back. He grabbed her arm, took her to the cash register, and instructed her to open it. The clerk complied, and the robber took the money and left. The clerk testified that she looked at the robber's face when they were at the register, and she recognized the robber as Ford, because they had lived in the same area when they were younger. The other clerk also testified that she was able to see the robber's eyes and nose, and both clerks picked Ford from a photo lineup shown to them several days later. The officer who showed the clerks the photo lineup testified

that neither woman displayed any hesitation in picking Ford's picture. Both clerks identified Ford at trial, as well, and the one who recognized Ford testified she was "one hundred percent certain" he was the robber.

Although Ford argues that the identifications were "flawed and problematic" because neither woman had an adequate opportunity to look at the robber's face, "the accuracy of eyewitness identification is within the exclusive province of the jury. [Cit.]" *Hopkins v. State*, 222 Ga. App. 157 (473 SE2d 267) (1996). The evidence was sufficient to authorize Ford's conviction under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Ford asserts that the trial court erred in admitting evidence of a robbery for which Ford was convicted in 1992.

To make similar transaction evidence admissible, the State must make three affirmative showings: that it is offered for a proper purpose, that sufficient evidence exists that the defendant committed the similar offense, and that sufficient similarities exist between the similar transaction and the charged offense so that proof of the former tends to prove the latter. *Williams v. State*, 261 Ga. 640, 642 (409 SE2d 649) (1991). Ford argues that because his defense was alibi and identity was the only contested issue, the trial court erred in admitting similar transaction evidence for the purpose of showing "plan, scheme, bent of mind, course of conduct."

But even when only the perpetrator's identity is in issue, the State has a duty to prove every element of its case beyond a reasonable doubt. And here, one element of the charged offense was intimidation. In the charged offense, evidence showed that the robber intimidated the victim by holding his hand under his shirt as though he had a weapon. In the similar transaction, he also intimidated the victim. In that case, he held a baseball bat. The similar transaction therefore shows a scheme, plan, or course of conduct consisting of intimidating victims and robbing them. The first prong of the *Williams* test was therefore satisfied.

Ford does not challenge the State's compliance with the second portion of the test since the State introduced a certified copy of Ford's conviction of the similar transaction. We find no merit in his contention that the offenses were not sufficiently similar to satisfy the third prong of the test. Ford correctly notes that a greater degree of similarity is required when the other crime is introduced to show identity. But as noted, although the similar transaction in this case bore on the issue of identity, it was introduced for the stated purpose of showing Ford's scheme, plan, and course of conduct.

Moreover, numerous similarities exist between the 1992 robbery and the charged crime. Both robberies were of convenience stores, and both were located on the same street and about one-half mile

from Ford's home. In both crimes, the robber was dressed in a hooded sweatshirt pulled tight about his head. In both, the robber stepped behind the counter and took the cash. Although some differences exist between the two robberies, no requirement exists that they be identical in every way. *Davis v. State*, 226 Ga. App. 83, 87 (485 SE2d 508) (1997). The trial court did not err in admitting evidence of the prior robbery.

*Judgment affirmed. Pope, P. J., and Eldridge, J., concur.*

DECIDED JULY 21, 1999.

*John W. Donnelly*, for appellant.
*Harry N. Gordon, District Attorney, John A. Pursley, Assistant District Attorney*, for appellee.