## A02A1734. FELDER v. THE STATE.
(579 SE2d 28)

MILLER, Judge.

Donald Felder was convicted in Count 1 of robbery by intimidation and in Count 2 of robbery by snatching. He appeals, enumerating several errors, including insufficiency of the evidence and ineffective assistance of counsel. Having reviewed each of the enumerations carefully, we discern no error and affirm.

Viewed in the light most favorable to the verdict, the evidence reveals that on April 25, 1997, a man of Felder's race and with similar hair and body build entered a restaurant and asked for change for a dollar. The female cashier opened the register and asked what type of change he wanted. The man reached into the register, snatched the pile of $20 bills, and escaped. The cashier later unequivocally identified Felder (who lived near the crime scene) from a photo lineup as the robber and also identified him at trial as the robber. Felder testified at trial that he was never in the restaurant.

Two months later, a man of Felder's race and with his same hair and body build entered a convenience store (near Felder's new residence) and, obtaining some chips and beer from the store shelves, placed them on the counter. Keeping one hand in his pocket, he then demanded that the female cashier open the register or else he would

---

[13] (Citations omitted.) *Joel Properties v. Reed*, 203 Ga. App. 257, 258 (1) (416 SE2d 570) (1992) (physical precedent only).

hurt her. She complied, and he snatched money from the register and escaped. The next day, the cashier picked Felder's photo from a large mug shot book and later picked his photo out of a photo lineup. She also identified him in court as the robber. The store's video recorder captured the incident on tape but did not show the actual snatching. At trial, Felder admitted to being in the store but claimed that he did not snatch money from the register.

Felder was charged with robbing the restaurant cashier by snatching and with robbing the convenience store cashier by intimidation. Based on the evidence described above, plus evidence of Felder's two prior convictions for similar robberies of convenience stores, the jury found Felder guilty on both counts. Felder moved for a new trial on various grounds, including ineffective assistance of counsel. Following an evidentiary hearing, the court denied the motion, and Felder appeals.

1. In two enumerations, Felder challenges the sufficiency of the evidence. We find these enumerations to be without merit.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Both of the victims in the two robberies identified Felder in pretrial photo lineups and at trial as the man who snatched money from their cash registers. "The testimony of a single witness is generally sufficient to establish a fact." OCGA § 24-4-8. In the convenience store robbery, Felder also threatened the cashier to get her to open the register. The evidence sufficed to sustain Felder's convictions for robbery by snatching and for robbery by intimidation. See OCGA § 16-8-40 (a) (2), (3).

2. Felder's third enumeration contends that the court erred in denying his motion to sever the two offenses. We disagree.

"Two or more offenses may be joined in one charge, with each offense stated in a separate count, when the offenses . . . (a) are of the same or similar character, even if not part of a single scheme or plan; or (b) are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan." (Citation and punctuation omitted.) *Dingler v. State*, 233 Ga. 462, 463 (211 SE2d 752) (1975). If the offenses are joined for trial *solely* on the ground that they were of the same or similar character, the defendant has the right to their severance. Id. Otherwise, the court has the discretion to grant or deny severance based on what is neces-

sary to achieve a fair determination of the defendant's guilt or innocence. Id. The court should consider whether the jury would be able to distinguish the evidence and apply the law intelligently as to each offense. Id. at 463-464.

Applying these standards, *Anderson v. State*, 236 Ga. App. 679, 680 (1) (513 SE2d 235) (1999), held that where the counts are based on a series of acts connected together or constituting parts of a single scheme or plan, the trial court could properly deny severance based on the interests of justice. Thus, where the evidence of one crime would be admissible as a similar transaction in the trial of the other crime, or where the similarity of the offenses manifests a pattern, the trial court does not abuse its discretion in denying the motion for severance. Id. (similar transaction); *Samples v. State*, 217 Ga. App. 509 (1) (460 SE2d 795) (1995) (pattern).

Here the two offenses manifest a pattern, and each would be admissible as a similar transaction in the trial of the other crime. In both instances, which took place within approximately two months of each other, Felder committed the robbery at a retail merchant business near his residence. See *Ford v. State*, 239 Ga. App. 257, 258-259 (2) (520 SE2d 923) (1999). He distracted the cashier by a request for change or by bringing goods to the counter for purchase. He snatched the money from the register once the register drawer was open. A jury could distinguish the evidence and apply the law intelligently as to each offense. Therefore, we hold that the trial court did not abuse its discretion in denying the motion for severance. See *Williams v. State*, 150 Ga. App. 852, 854 (2) (258 SE2d 659) (1979).

3. In his fourth enumeration, Felder argues that the trial court erred in admitting Felder's prior convictions for robbing two convenience stores. This enumeration fails for two reasons. First, although Felder opposed the admission of the two transactions during a pretrial hearing, he did not raise any objection at trial when testimony regarding the two transactions was admitted. "[T]he rule requiring a trial objection on similar transaction evidence is firm in Georgia jurisprudence, and we are bound to follow it." (Footnote omitted.) *McClarity v. State*, 234 Ga. App. 348, 350 (2) (506 SE2d 392) (1998). The matter was not preserved for appeal. *Young v. State*, 269 Ga. 478, 479 (3) (499 SE2d 60) (1998) (despite pre-trial objections, defendant is required to object to similar transaction evidence at trial to preserve the matter for appeal).

Second, even if the matter had been preserved for appeal, the two prior transactions were properly admitted. In both transactions, Felder robbed a convenience store by distracting the cashier, demanding that the cashier open the register, grabbing the money, and fleeing. In one he brought goods to the counter and distracted the cashier by asking for cigarettes; in the other he distracted the cashier

by asking for directions before he demanded that the cashier open the register.

The three showings required by *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991), for admitting similar transaction evidence were met here. Felder does not contest (i) the propriety of the purposes for which the transactions were admitted — to show motive or intent through a common scheme or course of conduct — or (ii) that he committed the prior offenses. Rather, he contends that the prior offenses were not sufficiently similar to those charged here to establish a common scheme or course of conduct. We uphold the trial court's finding that the prior offenses were sufficiently similar. Similar to the offenses here, in both prior offenses Felder entered a merchant's retail business and distracted the cashier, then demanded that the cashier open the register, grabbed the money, and fled. See *Ford*, supra, 239 Ga. App. at 258-259 (2). The fact that in the prior instances Felder raised his shirt to show a gun replica to the cashier is a nonessential difference where the evidence was admitted to show intent or motive, not identity. See *Cole v. State*, 216 Ga. App. 68, 69-70 (1) (453 SE2d 495) (1994).

Felder also complains that the court failed to give sufficient limiting instructions. We have reviewed the limiting instructions, given three times by the court (prior to the introduction of the offenses, during closing argument, and in the final charge), and conclude that they sufficiently limited the jury's consideration of the prior offenses to the proper purpose of possibly showing a course of conduct or common scheme.

4. In his fifth enumeration, Felder urges that the court erred in not allowing him to cross-examine police regarding his exculpatory statements made to them at the police station. He argues that such violated his constitutional right to confront witnesses. This enumeration is without merit.

First, *Felder himself* moved to suppress the statements. At the hearing on the motion, Felder even testified that he made the statements under coercion from his parole officer. Felder cannot now complain that the court erred in preventing him from using those statements during cross-examination. "[I]nduced error is impermissible and furnishes no ground for reversal. [Cit.]" *Torres v. State*, 272 Ga. 389, 392 (7) (529 SE2d 883) (2000); see *Edwards v. State*, 235 Ga. 603, 604 (2) (221 SE2d 28) (1975).

Second, Felder could not admit his own statements in which he denied committing the robberies. A defendant's self-serving declarations to police are not admissible by him. *McCartney v. State*, 262 Ga. 156, 160 (4) (414 SE2d 227) (1992); *Smith v. State*, 144 Ga. App. 294, 295 (2) (241 SE2d 14) (1977). "The defendant is allowed to declare his innocence in court; he is not allowed to avoid this opportunity by pre-

trial declarations of innocence." *Dickey v. State*, 240 Ga. 634, 641 (6) (242 SE2d 55) (1978), overruled on other grounds, *Duckworth v. State*, 268 Ga. 566, 568-569 (1) (492 SE2d 201) (1997).

Third, Felder failed to raise his constitutional grounds below. "Constitutional issues not raised below are not preserved for appeal." (Citation and punctuation omitted.) *Ogletree v. State*, 211 Ga. App. 845, 846 (1) (440 SE2d 732) (1994).

5. In his sixth enumeration, Felder complains that the court improperly admitted the videotape of the convenience store incident (and still photographs made therefrom) without a proper foundation having been laid. At trial, however, *Felder himself* wanted the videotape to be admitted and therefore stated he had no objection to its admission. He felt that the videotape substantiated his defense that no snatching occurred at that store. "By his conduct, [Felder] waived any right to argue on appeal that the videotape was inadmissible. [Cit.]" *Holland v. State*, 240 Ga. App. 169, 170 (2) (523 SE2d 33) (1999). In any case, the victim in the Holiday Food robbery attested to the accuracy of the videotape's depiction of the events. See *Phagan v. State*, 268 Ga. 272, 281 (5) (486 SE2d 876) (1997) (a videotape is admissible where "one who personally witnessed the events recorded testifies that the videotape accurately portrayed what the witness saw take place at the time the events occurred").

6. In enumerations 7 and 8, Felder claims that the court erred in admitting the victims' pre-trial and in-court identifications of him. He argues that since his skin complexion was darker than the six other individuals of his race portrayed in the pre-trial photo lineup, the lineup was unduly suggestive and irreparably tainted the identifications.

> We use a two-part test in determining whether evidence of pre-trial identification should be excluded: The threshold inquiry is whether the identification procedure was impermissibly suggestive. Only if it was need the court consider the second question: whether there was a very substantial likelihood of irreparable misidentification.

(Punctuation and footnote omitted.) *Karim v. State*, 244 Ga. App. 282, 283 (2) (535 SE2d 296) (2000); accord *Upshaw v. State*, 249 Ga. App. 741, 744 (2) (549 SE2d 526) (2001). We uphold the trial court's findings unless clearly erroneous. *Upshaw*, supra, 249 Ga. App. at 744 (2).

The trial court's findings here were not clearly erroneous. The fact that the defendant's skin tone was the darkest of those portrayed in the photo lineup, where the others portrayed were of defendant's same race, was not alone grounds for excluding the lineup identifica-

tion. *Upshaw*, supra, 249 Ga. App. at 744 (2); see *Padilla v. State*, 273 Ga. 553, 554 (1) (544 SE2d 147) (2001); *Smith v. State*, 209 Ga. App. 540, 542-543 (4) (433 SE2d 694) (1993). The officer showing the lineup testified that he used no suggestive techniques in the process. As we hold that the trial court did not clearly err in finding that the process was not impermissibly suggestive, we need not address the second part of the test.

7. In his ninth enumeration, Felder argues that the court erred in admitting the testimony of his parole officer. He complains that this testimony exposed the jury to Felder's status as a convicted criminal. This officer testified (i) that he provided Felder's photo for the lineup, (ii) where Felder's residential addresses were located (which showed their proximity to the crime locations), (iii) that Felder was the man in the convenience store videotape, and (iv) that Felder did not admit to being at the convenience store until he heard he was caught on videotape.

Felder's arguments fail for at least two reasons. First, he failed to object to the parole officer's testimony at trial. "The defendant's failure to object to the admissibility of evidence is a waiver of his objections to this evidence." *Edwards v. State*, 224 Ga. 684 (1) (164 SE2d 120) (1968). Indeed, Felder testified to the parole officer's role during his own testimony. Second, since the prior criminal convictions were admissible as similar transactions (as discussed in Division 3 above), the ground for objecting to the testimony — exposing the jury to Felder's convict status — is moot, a point Felder conceded at the motion for new trial hearing.

8. Felder's tenth enumeration contends that the court should not have found that by playing for the jury an audiotape of his complete statement to police, Felder waived his right to open and close final arguments. Under *Kinnebrew v. State*, 267 Ga. 400, 403-404 (4) (480 SE2d 1) (1996), the trial court properly held that Felder's presentation of the tape divested him of this right.

9. In his eleventh enumeration, Felder claims that the trial court erred in charging the jury concerning prior inconsistent statements. Felder argues that there was no attempt to impeach any witness by use of prior inconsistent statements.

The record and Felder's own appellate brief belie this assertion. *Felder himself* introduced the prior statements of the convenience store cashier, which he argued were inconsistent with her trial testimony. As set forth in his appellate brief, he showed at trial that in a pre-trial statement to police, this cashier stated that Felder had handed her money, something she denied in her trial testimony. He also emphasizes in his appellate brief that this same cashier in a pre-trial statement told police that she knew exactly how much of each denomination of bills was taken, but that at trial she denied telling

police such. Indeed, in his reply brief, he refers to this "discrepancy between the clerk's testimony and her statement to the officer" as "impeachment evidence." Felder even requested the trial court to charge the jury on inconsistent statements as a form of impeachment.

Thus, the trial court properly charged the jury on this issue. Even if it were error, it was induced error. See *Edwards*, supra, 235 Ga. at 604 (2) ("Induced error is impermissible. [Cits.]").

10. In his final enumeration, Felder claims that the court erred in finding that he received effective assistance of counsel. To establish a claim of ineffective assistance, Felder bore the burden at the motion for new trial hearing of showing that trial counsel's performance was deficient and that the deficient performance prejudiced his defense. *Stephens v. State*, 265 Ga. 120, 121 (2) (453 SE2d 443) (1995). The trial court found he did not prove these matters. "We uphold the trial court's determination on these issues unless clearly erroneous. [Cit.]" *Schwindler v. State*, 254 Ga. App. 579, 588 (10) (563 SE2d 154) (2002).

We have carefully reviewed the trial transcript and the motion for new trial transcript, in which Felder's trial counsel defended her decisions on the various strategic matters challenged by Felder. We find ample evidence to support trial counsel's decisions. As in *Esquivel v. State*, 236 Ga. App. 325, 326 (512 SE2d 61) (1999), and *Schwindler*, supra, 254 Ga. App. at 588-589 (10), we do not find it necessary to address specifically and individually each and every one of Felder's 20 instances of challenged trial tactics. We simply note that

> the decisions on which witnesses to call, whether to put on evidence so as to preserve the final word in closing argument, how to conduct cross-examinations, what motions to file, and what objections to make are strategic and tactical decisions that, after thorough investigation and client consultation, are virtually unchallengeable and do not require a finding of ineffective assistance of counsel. [Cits.]

*Schwindler*, supra, 254 Ga. App. at 589 (10).

The trial court did not clearly err in finding that Felder did not meet his burden of showing ineffective assistance.

*Judgment affirmed. Johnson, P. J., and Blackburn, P. J., concur.*

DECIDED FEBRUARY 12, 2003 —
RECONSIDERATION DENIED FEBRUARY 28, 2003 —

*Michael L. Chidester*, for appellant.
*Kelly R. Burke, District Attorney, Amy E. Smith, Assistant District Attorney*, for appellee.