### A03A1881. LUNSFORD v. THE STATE.
(585 SE2d 923)

ELDRIDGE, Judge.

A McIntosh County jury found Daniel Hugh Lunsford guilty of violating the provisions of a probationary license issued to an habit-

ual violator, DUI — less safe driver, and failure to maintain a lane, which charges arose pursuant to an incident wherein Lunsford made a left turn in front of another vehicle traveling on North Way in Darien. He appeals and claims in his sole enumeration of error that, following jury selection, the trial court erred in permitting the State to amend the accusation in order to alter the substantive offense named in Count 1. This contention is meritless, and we affirm.

Count 1 in the original accusation charged Lunsford with driving after being declared an habitual violator and without having obtained a driver's license. Following jury selection, Lunsford's attorney informed the trial court of a possible fatal variance in the charging instrument, since, at the time of the incident, Lunsford was in possession of a valid probationary driver's license issued to him during his term as an habitual violator.

Thereafter, the State announced its intention to amend Count 1 of the accusation to charge Lunsford with violating the terms of his habitual violator probationary license by DUI — less safe driver. The trial court then raised the issue that a jury had been selected but not sworn, and asked, "[What are] your respective positions with regard to this jury?" Lunsford's sole contention was that, because the State was going to "recast or redraw this accusation to more fully reflect what happened here[, t]hat gives us a new set of facts, a new set of circumstances, a new set of allegations to deal with. And, frankly, we need some time to do that."

The trial court decided to keep the jury that had already been impaneled but to continue the case for several weeks in order to accommodate Lunsford's concerns. No further objection was registered. On the date scheduled for trial, the defense announced ready to proceed, issue was joined, the jury previously selected was sworn, and the trial commenced. *Held*:

Lunsford acquiesced in going forward on the amended accusation with the jury that had been impaneled. "A litigant cannot acquiesce in a ruling and then complain of the ruling on appeal."[1] Consequently, there was no error.

Further, the State may amend an accusation prior to trial "to allege or to change the allegations regarding any offense arising out of the same conduct of the defendant which gave rise to any offense alleged or attempted to be alleged in the original accusation, summons, or citation. . . . On motion, the court shall grant the defendant a continuance which is reasonably necessitated by an amendment."[2] Pertinently, "[a] trial does not begin until the jury has been

---

[1] (Citation and punctuation omitted.) *Vanorsdall v. State*, 241 Ga. App. 871, 875 (2) (a) (528 SE2d 312) (2000).

[2] OCGA § 17-7-71 (f).

impaneled *and sworn*."[3] As the accusation in the instant case was amended prior to the jury being sworn and, thus, "prior to trial," and because Lunsford was thereafter given a continuance in order to prepare his defense to the charges contained in the amended accusation, there was no error.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED AUGUST 1, 2003.

*Dale Jenkins*, for appellant.

*J. Thomas Durden, Jr., District Attorney, John B. Cloy, Assistant District Attorney*, for appellee.

---

[3] (Punctuation omitted; emphasis in original.) *McKeever v. State*, 196 Ga. App. 91, 92 (1) (395 SE2d 368) (1990). See *Ferguson v. State*, 219 Ga. 33, 35 (3) (131 SE2d 538) (1963).