A03A1288. ROWE v. THE STATE.
(587 SE2d 781)

MILLER, Judge.

Tried by a jury, Willie Clarence Rowe was convicted of rape. He appeals, arguing that the court erred in (i) admitting evidence of an earlier attempt by Rowe to rape a different victim, (ii) instructing the jury regarding that evidence, (iii) admitting certain out-of-court statements of Rowe and of the victim, and (iv) finding that Rowe did not show that he received ineffective assistance of counsel. We hold that the court properly admitted and instructed the jury on the challenged evidence and that evidence supported the trial court's finding of effective assistance. Accordingly, we affirm.

Construed in favor of the verdict, the evidence showed that the female victim, who was related to Rowe by marriage, went for a ride with him in Rowe's vehicle. Rowe informed the victim that he had killed two men who had upset him, which information frightened the victim. Rowe took the victim to an isolated area and demanded that she have sex with him. The victim had a cast on her leg and could not escape. When the victim refused to have sex, Rowe forcibly removed her shorts and compelled her to have intercourse with him. Rowe then dropped the victim off at her relative's house, where the victim immediately told her aunt and uncle that she had been raped and requested that they call the police.

Arrested and charged with rape, Rowe initially told police that no sex had occurred, then later claimed that the sex was consensual. Consent was his primary defense at trial. Over Rowe's objection, the court allowed the State to introduce evidence of a prior attempt by Rowe to rape another acquaintance. The jury found Rowe guilty of rape. Rowe eventually moved for a new trial on the ground that he received ineffective assistance of counsel. Following an evidentiary hearing at which Rowe's trial counsel testified, the court denied the motion for new trial.

1. Rowe argues that the trial court erred in admitting the evidence of his prior attempt to rape another acquaintance. He urges

that the incident was not sufficiently similar and was overly prejudicial.

*Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991), outlined the three showings the State must make to admit a similar transaction. First, the State must identify a proper purpose for admitting the transaction; second, the State must show that the accused committed the separate offense; and third, the State must show a sufficient similarity between the independent offense and the crime charged so that proof of the former tends to prove the latter. Id. "The rules regarding the use of similar transaction evidence are construed most liberally in cases involving sexual offenses." (Citation and punctuation omitted.) *Mangham v. State*, 234 Ga. App. 567, 569 (1) (507 SE2d 806) (1998). "[A] trial court's determination that similar transaction evidence is admissible will not be disturbed absent an abuse of discretion." (Citation and punctuation omitted.) Id.

Rowe first challenges the legitimacy of the purposes for which the attempted rape was admitted. The State announced that it intended to introduce the transaction (i) to show Rowe's lustful disposition, (ii) to evince Rowe's propensity to sexually assault women he knew, and (iii) to corroborate the victim's testimony of no consent. These purposes, which rebut a defense of consent, are a valid basis for admitting the prior sexual assault. See *Glass v. State*, 255 Ga. App. 390, 393 (2) (565 SE2d 500) (2002) ("to prove the bent of mind and intent necessary to overcome the defense of consent, and to corroborate the victim's testimony"); *Goodroe v. State*, 238 Ga. App. 66, 68 (2) (b) (518 SE2d 139) (1999) (prior rape showed defendant's lustful disposition and bent of mind). As stated in *Goodroe*:

> Particularly in the area of sexual offenses, the admissibility of similar transaction evidence is liberally construed. Evidence of an earlier assault on a woman is material to the issue of consent or the lack thereof, and has a direct bearing on appellant's bent of mind. Such evidence would tend to rebut appellant's claim of consent by establishing that appellant has a propensity to initiate or continue an encounter without a woman's consent. Such evidence also corroborates the victim's testimony that appellant acted in the manner charged.

(Citation and punctuation omitted.) Id. In a prosecution for rape, the prior assault need not have resulted in a completed rape to be admissible. See *McBee v. State*, 228 Ga. App. 16, 19-20 (1) (491 SE2d 97) (1997).

The trial court found that the prior transaction was sufficiently similar, a determination we review under an "abuse of discretion"

standard. See *McBee*, supra, 228 Ga. App. at 20 (1). In the prior transaction here, Rowe's neighbor allowed him to sleep on her couch when he appeared in the middle of the night claiming he could not get into his own home. Later that night he violently attempted to rape the neighbor in her bed, which she through force successfully thwarted. A prior forcible sexual assault against a female acquaintance may be sufficiently similar to be admitted to show lack of consent in a sexual assault against another female acquaintance. See id. at 19-20 (1); see also *Glass*, supra, 255 Ga. App. at 394 (2); *Goodroe*, supra, 238 Ga. App. at 68-69 (2) (c). We find that the trial court did not abuse its discretion in so finding here.

Rowe complains that the court made no express finding that the probative value of the evidence outweighed its prejudicial effect on the jury. Such a finding need not be express but is implicit in a trial court's decision to admit the evidence. *Farley v. State*, 265 Ga. 622, 625-626 (2) (458 SE2d 643) (1995). We again discern no abuse of discretion.

2. Rowe claims the trial court erred in instructing the jury that the similar transaction evidence could be considered in deciding Rowe's guilt or innocence of the rape charged in this case. Even though Rowe waived the issue by his failure to object to this instruction (see *Woods v. State*, 263 Ga. 804 (2) (440 SE2d 1) (1994)), we hold that the instruction was correct where the court limited the jury's consideration of the evidence to determining Rowe's state of mind, intent, and knowledge in the crime charged. See *Glass*, supra, 255 Ga. App. at 394-395 (3). Indeed, if the transaction could not be considered in determining some aspect regarding Rowe's guilt or innocence of the charged crime, then it would be irrelevant. Prior sexual assaults are relevant to show "bent of mind[ ] and intent and, thus, tend[ ] to establish [defendant's] commission of the attack for which he was convicted. [Cits.]" *Smith v. State*, 270 Ga. 68, 69 (2) (508 SE2d 145) (1998).

3. Rowe contends that the court erred in allowing the victim to testify that Rowe told her during the drive leading up to the assault that he had previously killed two men. Rowe claims that this testimony placed his character in issue. However, this statement by Rowe, which frightened the victim, tended to show why the victim did not resist more strenuously and thus helped establish the victim's lack of consent. See *Mauldin v. State*, 167 Ga. App. 789 (307 SE2d 689) (1983) (defendants threatened rape victim's life by telling her they had killed other people before). We discern no error.

4. Rowe argues the trial court erred in admitting the victim's hearsay statement to her aunt, made immediately upon being released from Rowe's vehicle, that she had just been raped. Even though Rowe waived this issue by failing to object to the evidence at

trial (see *Garrison v. State*, 260 Ga. App. 788, 790 (3) (581 SE2d 357) (2003)), we consider the matter in light of Rowe's claim that the failure to object constituted ineffective assistance of counsel. Cf. *Hardegree v. State*, 230 Ga. App. 111, 113 (4) (b) (495 SE2d 347) (1998). This outcry by the victim, made immediately after she was released by Rowe, was "made so shortly after the commission of the crime as to constitute part of the res gestae. [Cits.]" *Tucker v. State*, 243 Ga. 683, 684 (3) (256 SE2d 365) (1979); see *Ortiz v. State*, 222 Ga. App. 432, 435 (6) (474 SE2d 300) (1996); *Wetta v. State*, 217 Ga. App. 128, 130 (4) (456 SE2d 696) (1995). The court did not clearly err in admitting the evidence.

5. Rowe contends that the court erred in finding that he received effective assistance of counsel. To establish a claim of ineffective assistance, Rowe bore the burden at the motion for new trial hearing of showing that trial counsel's performance was deficient and that the deficient performance prejudiced his defense. *Stephens v. State*, 265 Ga. 120, 121 (2) (453 SE2d 443) (1995). We review the trial court's factual determinations on this issue under a clearly erroneous standard. *Schwindler v. State*, 254 Ga. App. 579, 588 (10) (563 SE2d 154) (2002).

We have carefully reviewed the trial transcript and the motion for new trial transcript, in which Rowe's trial counsel defended his decisions on the various matters challenged by Rowe. We find that evidence supports trial counsel's decisions and that (as demonstrated above) the omitted objections would have been futile. As in *Esquivel v. State*, 236 Ga. App. 325, 326 (512 SE2d 61) (1999); *Schwindler*, supra, 254 Ga. App. at 588-589 (10); and *Felder v. State*, 260 Ga. App. 27, 33 (10) (579 SE2d 28) (2003), we do not find it necessary to address specifically and individually each of Rowe's 16 instances of challenged trial tactics. We simply note that the decisions on which witnesses to call, whether to put on evidence so as to preserve the final word in closing argument, how to conduct cross-examinations, what motions to file, and what objections to make are strategic decisions that, after thorough investigation and client consultation, are virtually unchallengeable and do not require a finding of ineffective assistance of counsel. *Felder*, supra, 260 Ga. App. at 33 (10).

The trial court did not clearly err in finding that Rowe did not meet his burden of showing ineffective assistance. See *Felder*, supra, 260 Ga. App. at 33 (10).

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED SEPTEMBER 11, 2003 —
RECONSIDERATION DENIED SEPTEMBER 25, 2003.

*William A. Adams, Jr.*, for appellant.

*William T. McBroom III, District Attorney, Daniel A. Hiatt, Assistant District Attorney*, for appellee.