A03A1139. TUBBS v. THE STATE.
(587 SE2d 329)

BARNES, Judge.

A jury found Paul Tubbs guilty of robbery, and he was sentenced to 20 years, 16 to serve in prison, the remainder on probation. Follow-

ing the denial of his motion for new trial, he appeals his conviction, contending that the trial court erred in admitting evidence of similar transactions. Discerning no error, we affirm.

We view the evidence on appeal in the light most favorable to the verdict, and no longer presume the defendant is innocent. We do not weigh the evidence or decide the witnesses' credibility, but only determine if the evidence is sufficient to sustain the convictions. *Taylor v. State*, 226 Ga. App. 254, 255 (485 SE2d 830) (1997).

Viewed in that light, the record reveals that Tubbs was tried for the robbery of a Blockbuster Video store on Chamblee-Tucker Road on February 22, 2000. The assistant manager of the store testified that she noticed a tall, thin, black male wandering around the store during lunchtime. The man lingered in the games section for approximately an hour, then approached the manager. He indicated that he needed help and handed the manager a note which read, "Give me all your money, I have a gun, this is not a joke, I'll blow your fucking head off." The robber then asked the manager where the safe was, and they both walked to the rear office where it was located. The robber asked if the night deposit had been made, and the manager responded that she made the deposit that morning. Another employee who was in the office at the time let the two in, and after the safe was emptied of the cash, the robber told the employees, "stay here, I'll be right back." Shortly after the robber left, the manager followed him and saw him leave the store and drive away in a green Toyota. The manager identified Tubbs as the robber from a photographic lineup later that day.

In his sole enumeration of error, Tubbs complains that the trial court erred in admitting evidence of four similar transaction offenses. We do not agree.

Prior crime evidence is admissible when the State satisfactorily makes three affirmative showings. *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991). The State must show that

> (1) it is introducing evidence of an independent offense or act for an appropriate purpose, (2) there is sufficient evidence to establish that the accused committed the independent offense or act, and (3) there is sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter.

*McKibbons v. State*, 226 Ga. App. 452, 454-455 (3) (486 SE2d 679) (1997). A trial court's determination that similar transaction evidence is admissible will not be disturbed absent an abuse of discretion. *Brooks v. State*, 230 Ga. App. 846 (1) (498 SE2d 139) (1998).

Tubbs does not argue that he did not commit the similar transaction offenses, nor that the evidence was not admitted for the appropriate purpose of showing motive, intent, and bent of mind. He asserts that the evidence is inadmissible because the transactions were not sufficiently similar to the crime charged. During the pretrial hearing required by Uniform Superior Court Rule 31.3 (B) to determine the admissibility of similar transaction evidence, the State presented evidence of five similar transactions for the purpose of identity, plan, and scheme. The trial court admitted evidence of four of the transactions.

With respect to the first of these transactions, on July 12, 1999, at around 1:30 p.m., a tall, thin, black male robbed a Blockbuster Video on Roswell Road. The robber wandered around the store in the games section for approximately 20 minutes, approached an employee and asked for directions, then gave her a folded, white piece of paper indicating that this was a robbery, and threatening to "blow [her] head off" if she did not obey. The employee put the money from the register in a store bag, and then the robber directed her to open the safe. After the robber took the money from the safe, he told the employee to run to the back of the store. The employee identified Tubbs as the man who robbed her.

On August 13, 1999, a tall, thin, black male entered a Video Update on Roswell Road at about 3:00 p.m. He browsed around for approximately one hour, then approached the manager. He asked the manager if he could help him locate some movies and handed the manager a folded piece of white notebook paper. The note instructed the manager to give the robber the money from the registers and the safe in the office. The note said that "I am not afraid to blow your head off." The robber showed the manager a gun, and the manager and another employee emptied the store registers and put the money in a plastic store bag. The manager told the robber that he was new and did not know the combination to the safe. A customer came in, and the robber directed the two employees to go to the back of the store. The robber left the store and drove away in a green Toyota. The manager identified Tubbs as the person who robbed him.

On October 15, 1999, at about 11:00 a.m., a tall, black male entered another Blockbuster Video on Roswell Road. The man wandered around the store and, although he was asked on different occasions, declined any help. After a while, he approached the manager and asked him for directions and handed the manager a piece of white notebook paper. The note instructed the manager to give the robber the money from the registers and the safe or "I'll blow your head off." The manager put the money from the register in a plastic store bag, and the men walked to the rear office where the safe was located. After the safe was emptied, the robber left but told the man-

ager and another employee, who was also in the office, to stay in the room. The manager watched him leave on a security camera located in the office, and identified Tubbs as the man who robbed him.

And on the afternoon of October 26, 1999, the manager of a Hollywood Video on Hammond Drive noticed a tall, black male lingering in the drama section. The man initially declined help finding a movie, but later approached the manager with a movie and asked the manager to hold it for him. Five minutes later, the man approached the manager and asked for help with directions, then handed him a note on white notebook paper. At trial the manager recalled that the note read, "give me your money or I'll blow your F'ing brains out." The manager emptied the money from the registers into a plastic store bag, and the robber asked him where the safe was. The men then walked to the office located in the back of the store, and after the safe was emptied, the robber told the manager to wait in the office. The manager identified Tubbs as the man who robbed him.

While a greater degree of similarity is required when the similar transaction is introduced to show identity, where it is also introduced to show other elements of the crime, including course of conduct and bent of mind, the greater standard is not required. See *Ford v. State*, 239 Ga. App. 257, 258 (2) (520 SE2d 923) (1999). Furthermore, the incidents need not be identical, but only sufficiently similar so that proof of the earlier event helps prove an element of the later crime. *Maxey v. State*, 239 Ga. App. 638, 640-641 (3) (521 SE2d 673) (1999). Here, the earlier incidents were sufficiently similar to show that Tubbs had a course of conduct and bent of mind to commit robbery at video stores, within a specific geographic locale, during the day, using a note containing threats. Additionally, before the evidence was presented, as well as in the concluding charge on the law, the trial court instructed the jury that the evidence was to be considered only for this limited purpose of showing Tubbs' identity or state of mind in the robbery for which he was on trial. The court did not abuse its discretion.

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED SEPTEMBER 18, 2003.

*Andrej S. Bajuk*, for appellant.
*J. Tom Morgan, District Attorney, Jeanne M. Canavan, Rosemary W. Brewer, Assistant District Attorneys*, for appellee.