## A04A0974. ANDERSON v. THE STATE.
### (603 SE2d 760)

RUFFIN, Presiding Judge.

A jury found James Anderson guilty of rape and kidnapping. Anderson appeals, arguing that the trial court erred in admitting evidence of a similar transaction. For the reasons that follow, we affirm.

"An appellate court should not disturb the findings of the trial court on the issue of similarity or connection of similar transaction evidence unless they are clearly erroneous."[1] Here, the record shows that on August 30, 2001, the victim left a bar named "The Place" in Cobb County at about 11:00 p.m. As she approached her car, Anderson walked toward her, told her she was too drunk to drive, put her in the back seat, and drove away. Anderson took the victim to a gravel road in a dark area where he proceeded to remove her clothes and engage in forcible intercourse with her against her will. Anderson then fled the scene.

The victim eventually exited the car and ran for help. The victim called the police from a phone booth and was subsequently taken to Kennestone Hospital. At the hospital, the victim was examined and a "rape kit" was performed. DNA material taken during the examination matched Anderson's DNA.

At trial, the court allowed the following evidence of a similar transaction involving Anderson to show bent of mind and course of conduct. On October 8, 1981, at approximately 10:00 p.m., another victim, J. S. (now J. B.), went to the Racetrac gas station on Canton Highway in Marietta. Anderson attempted to initiate a conversation with J. B. inside the gas station, then proceeded to follow her out to her car. Anderson pretended that J. B. had left something inside the gas station and went to retrieve it. When Anderson returned, he got into the passenger side of J. B.'s car with an open pocket knife and forced her to drive. When they arrived at a heavily wooded area, Anderson removed J. B.'s clothes and had forcible intercourse with her against her will. Anderson was convicted of kidnapping and rape in 1981.

Anderson argues that the admission of this similar transaction evidence impermissibly placed his character into evidence, in contravention of the standards set forth in *Williams v. State*.[2] Anderson also argues that there was an insufficient connection or similarity between the prior occurrence and the one now at issue. We disagree.

---

[1] *Smith v. State*, 273 Ga. 356, 357 (2) (541 SE2d 362) (2001).

[2] 261 Ga. 640, 641 (2) (409 SE2d 649) (1991).

In Georgia we "construe the rules regarding the use of similar transaction evidence liberally in cases involving sexual offenses."[3] And where the evidence's relevance

> to show identity, motive, plan, scheme, bent of mind and course of conduct, outweighs its prejudicial impact, it is properly admitted. However, before it is admissible, two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged.[4]

Here, the evidence was admitted to show bent of mind and course of conduct. And the two conditions for admissibility are satisfied. As to the first condition, Anderson does not dispute that he was found guilty of kidnapping and rape in 1981.

As to the second condition, we note that "[t]he independent act does not have to be identical to the crime charged. The proper focus is on the similarity, not the differences, between the separate crimes and the crime in question."[5] And here, the prior offense and the offense charged are similar with respect to the manner of assault. Anderson approached both victims in a public location, attempted to initiate conversations with both victims, accosted and abducted both victims near their vehicle, either took or directed the victims to drive to a secluded area, removed the clothing from both victims, and raped each victim inside the vehicle each was driving. While we recognize that there is a significant time gap between the 1981 offense and the instant offense, "any lapse of time between the prior offense and the crimes charged goes to the weight and credibility of the evidence, not to its admissibility."[6] And, "[t]he credibility of the witnesses and the weight to be given the evidence are the sole province of the jury."[7] Accordingly, the trial court did not err in admitting the evidence.

*Judgment affirmed. Eldridge and Adams, JJ., concur.*

---

[3] *De'Mon v. State*, 262 Ga. App. 10, 13 (2) (584 SE2d 639) (2003).

[4] (Citations and punctuation omitted.) *Kress v. State*, 195 Ga. App. 519 (1) (394 SE2d 139) (1990).

[5] (Citation and punctuation omitted.) *McGuire v. State*, 266 Ga. App. 673, 677 (2) (598 SE2d 55) (2004).

[6] Id.

[7] (Citation and punctuation omitted.) *Lowery v. State*, 264 Ga. App. 655, 657 (3) (592 SE2d 102) (2003).

DECIDED AUGUST 25, 2004.

*Richard O. Allen*, for appellant.
*Patrick H. Head, Jr., District Attorney, Dana J. Norman, Henry R. Thompson, Assistant District Attorneys*, for appellee.