A06A1478. FORD v. THE STATE.
(635 SE2d 391)

BARNES, Judge.

Vick Lamar Ford was convicted of burglary, false imprisonment, kidnapping with bodily injury, rape, robbery, and failure to comply with the state sexual offender registry. On appeal, he contends the trial court erred by allowing the State to introduce similar transaction evidence, and that the court further erred by charging the jury "to

consider with great care and caution the evidence of any statement made by the defendant." For the reasons that follow, we affirm.

1. Taken in the light most favorable to the verdict, the record shows that Ford raped the victim after forcing his way into her home. Ford maintained a defense of consent, and the court allowed the State to introduce evidence of a guilty plea by Ford to a prior rape charge as similar transaction evidence. Ford contends that the trial court erred in allowing the State to introduce the prior plea as evidence, arguing that it does not meet the standards of *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991). We do not agree.

"A trial court's determination that similar transaction evidence is admissible will not be disturbed absent an abuse of discretion." (Citation and punctuation omitted.) *Rowe v. State*, 263 Ga. App. 367, 368 (1) (587 SE2d 781) (2003). The Supreme Court has established a three-pronged test for an independent offense to be introduced as similar transaction evidence: (1) the evidence must be admitted for a proper purpose; (2) it must be sufficiently established that the accused committed the independent offense; and (3) there must be a sufficient connection or similarity between the independent offense and the crime charged such that proof of the former tends to prove the latter. *Williams*, supra, 261 Ga. at 642 (2) (b). We find that the State met these criteria.

First, the State offered evidence of the prior rape to show Ford's "course of conduct, his bent of mind, and his intent," all of which are proper purposes under the *Williams* test. See *Lamb v. State*, 273 Ga. 729, 731 (1) (546 SE2d 465) (2001). Second, Ford's guilty plea sufficiently established that he committed the prior rape. Third, the present and prior offenses are sufficiently similar; evidence of a prior rape tends to rebut Ford's defense of consent by establishing his propensity to continue a sexual encounter against a woman without her consent, and also tends to corroborate the victim's testimony that Ford acted in the manner charged. *Rowe*, supra, 263 Ga. App. at 368 (1); *McBee v. State*, 228 Ga. App. 16, 19 (1) (491 SE2d 97) (1997). The admissibility of similar transaction evidence is to be liberally construed in cases involving sexual offenses, and although Ford emphasizes certain differences between the two incidents, the proper focus is upon their similarities. *Glass v. State*, 255 Ga. App. 390, 394 (2) (565 SE2d 500) (2002). Therefore, we find that the trial court did not abuse its discretion in admitting the prior guilty plea to rape as similar transaction evidence.

2. Ford made a statement to the police while in custody after being arrested. After instructing the jury on whether the statement could be considered as evidence, the court charged as follows: "You should consider with great care and caution the evidence of any

statement made by the defendant.”* Ford contends that the charge could be interpreted as referring to his trial testimony, attacking his credibility over that of other witnesses and shifting the burden of proof from the State to himself. We find no merit in this contention.

Ford's attempt to characterize the charge as relating to his court testimony rather than to his custodial statement is unsupported by the record. Jury instructions must be considered as a whole when looking for charging errors, and we will find no error where it is unlikely that the instructions as a whole would mislead a jury of ordinary intelligence. *York v. State*, 242 Ga. App. 281, 291 (5) (c) (528 SE2d 823) (2000). The challenged charge never referred to Ford's testimony and was given immediately after an explanation of how to determine the voluntariness of Ford's custodial statement. Moreover, the charge then impressed upon the jury its duty to determine the credibility of the statement, instructing that "[a] statement unsupported by any other evidence is not sufficient to justify a conviction." Taken in whole context, the charge clearly referred to the jury's consideration of Ford's custodial statement and not his testimony. See *Marshall v. State*, 275 Ga. 740, 742 (3) (571 SE2d 761) (2002). Accordingly, we find no error.

*Judgment affirmed. Andrews, P. J., and Bernes, J., concur.*

DECIDED AUGUST 14, 2006.

*Little, Bates & Kelehear, Sam F. Little*, for appellant.
*Kermit N. McManus, District Attorney, John S. Helton, Assistant District Attorney*, for appellee.

---

* The charge was proper pursuant to OCGA § 24-3-53, which provides, "All admissions shall be scanned with care, and confessions of guilt shall be received with great caution. A confession alone, uncorroborated by any other evidence, shall not justify a conviction."

