A07A2499. ROMO v. THE STATE.
(653 SE2d 832)

RUFFIN, Judge.

A jury found Raymond Romo guilty of sexual battery. Romo appeals, asserting that the trial court erred in admitting similar transaction evidence. He further argues that the trial court improperly allowed the State to amend the accusation. For reasons that follow, we affirm.

Viewed favorably to the jury's verdict,[1] the evidence shows that the victim was a home health care worker assigned to assist Romo

---

[13] See *Morris,* supra.

[1] See *Harmon v. State,* 281 Ga. App. 35 (635 SE2d 348) (2006).

while he recovered from an injury to his arm. On the date of the incident, the victim prepared breakfast for Romo and took it to his bedroom. At Romo's request, the victim agreed to help him shave and take a bath, activities that fell within the victim's duties. She helped him undress down to his boxer shorts, and Romo sat on a stool to be shaved. The victim noticed that Romo's genitals were exposed at that point, but she believed the exposure was accidental, so she continued shaving him.

As the victim worked, Romo made several inappropriate comments about female breasts, remarked on the victim's appearance, then reached under her shirt and groped her breast. Shocked, the victim backed away from him. Romo grabbed her arm, asked her to look at his genitals, and began to masturbate. The victim left the bathroom and ran out of the house.

1. Romo argues that the trial court erred in admitting evidence of his prior conviction for indecent exposure. At trial, the State offered the testimony of Quianna Mingo, the victim of that crime. Mingo testified that she encountered Romo while living in Colorado in August 2002. Romo approached her as she cleaned her car at a car wash, asking questions about her family and marital status. After talking to Mingo for several minutes, he entered her car, and Mingo asked him to leave. She then noticed that Romo had taken his genitals out of his pants. He told her that she was pretty, asked her to look at him, and masturbated in her presence. Based on this incident, a Colorado court convicted Romo of indecent exposure.

The trial court found that Romo committed the Colorado crime, that the incident was sufficiently similar to the charged crime in this case, and that the State had offered the evidence "for the appropriate purpose of addressing [Romo's] bent of mind, course of conduct, and scheme." It thus permitted the State to present the prior conviction to the jury. We find no error.

Similar transaction evidence is admissible where (1) the evidence is offered for a proper purpose, (2) the State establishes that the defendant committed the separate offense, and (3) "there is sufficient similarity between the separate offense and the crime charged that proof of the former tends to prove the latter."[2] Georgia courts " 'construe the rules regarding the use of similar transaction evidence liberally in cases involving sexual offenses.' "[3] On appeal, we review

---

[2] Id. at 38 (3).
[3] *Anderson v. State*, 269 Ga. App. 247, 248 (603 SE2d 760) (2004).

the trial court's decision to admit such evidence for abuse of discretion,[4] and we will affirm a finding that two incidents are sufficiently similar unless it is clearly erroneous.[5]

The Colorado incident was offered to prove bent of mind, course of conduct, and scheme, proper purposes for admission as a similar transaction.[6] And Romo does not dispute that he committed this independent offense. Instead, he argues on appeal that the Colorado incident was not sufficiently similar to the case at bar, noting the differences between the incidents, including that the Colorado crime did not involve a touching.

In a similar transaction analysis, " '[t]he proper focus is on the similarity, not the differences, between the separate crime[ ] and the crime in question.' "[7] The evidence shows that during both incidents, Romo commented on the woman's appearance, asked the woman to look at him, and began masturbating in her presence. Although he also groped the victim's breast in this case, proof of the Colorado incident tended to establish the charged offense.[8] Moreover, the defense presented argument and evidence that the victim — not Romo — acted inappropriately and exposed her breasts to him. The Colorado incident was relevant to rebut this claim by showing Romo's course of conduct, bent of mind, and scheme.[9] The trial court, therefore, did not abuse its discretion in admitting evidence of this incident.[10]

2. Romo also argues that the trial court erred in allowing the State to amend the accusation filed against him. The original accusation accused Romo of committing sexual battery "by intentionally making physical contact with the intimate body parts of [the victim] without her consent." Three days before trial, the State amended the accusation, clarifying that Romo had intentionally made physical contact with the victim's breast. According to the certificate of service, the State served the amendment on Romo's attorney by facsimile and regular mail.

The trial court read the amended accusation to potential jurors before jury selection. Jurors were then impaneled, and the parties presented opening statements. Following a recess, Romo moved for a

---

[4] See *Harmon*, supra.

[5] See *Anderson*, supra at 247.

[6] See *Harmon*, supra at 38-39; *Anderson*, supra at 248.

[7] *Anderson*, supra.

[8] See *Harmon*, supra at 39; *Culver v. State*, 230 Ga. App. 224, 229-230 (3) (496 SE2d 292) (1998).

[9] See, e.g., *Rowe v. State*, 263 Ga. App. 367, 368-369 (1) (587 SE2d 781) (2003) (similar transaction involving attempted rape on another woman admissible to rebut claim that rape victim consented to sexual intercourse with defendant).

[10] See *Harmon*, supra.

mistrial. He asserted that defense counsel did not receive the amended accusation before trial and was not aware of it until the trial court read it to potential jurors.

The trial court denied the motion. It noted that the only change made by the amendment was to specify the body part allegedly touched by Romo. It further found that several weeks before trial, the State identified the body part at issue during a pretrial conference. In addition, defense counsel admitted that the police report specified that Romo touched the victim's breast. The trial court ultimately determined that the State had properly notified Romo of the amendment and that Romo had not been harmed by its timing.

At any time prior to trial, "the prosecuting attorney may amend the accusation . . . to allege or to change the allegations regarding any offense arising out of the same conduct of the defendant which gave rise to any offense alleged or attempted to be alleged in the original accusation."[11] The State filed its amendment several days before trial, and the record shows that it was served on defense counsel. Furthermore, the trial court read the amended accusation in open court before trial commenced, providing Romo with further pretrial notice of the amendment.[12] Under these circumstances, the amendment was timely.[13]

On appeal, Romo argues that the trial court should have continued the case to allow him "sufficient time to prepare against the amended charges." It is true that, upon a motion from the defense, a trial court should continue a trial after the State amends an accusation if the court finds the circumstances "reasonably necessitate[ ]" a continuance.[14] Romo, however, did not request a continuance. And even if he had made such request, the trial court concluded that Romo knew well before trial that the touching involved the victim's breast. The police report identified the victim's breast as the body part touched, and the State informed Romo during a pretrial conference that the breast was the body part at issue. The trial court also read the amended accusation to potential jurors before jury selection. Romo raised no objection at that point, waiting until after opening statements and a court recess to move for a mistrial. Pretermitting whether Romo waived any objection to the amendment by waiting to object, the delay demonstrates that he was not surprised by the content of the amendment.

---

[11] OCGA § 17-7-71 (f).

[12] See *Lunsford v. State*, 262 Ga. App. 635, 636-637 (585 SE2d 923) (2003) ("[A] trial does not begin until the jury has been impaneled and sworn.") (punctuation and emphasis omitted).

[13] See OCGA § 17-7-71 (f).

[14] Id.

Romo has made no showing that the amendment impeded his ability to present a defense in any way. The trial court, therefore, properly denied the motion for mistrial and proceeded with the case.[15]

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED NOVEMBER 5, 2007.

*Joseph J. Saia, Marcus G. Howell, Sr.,* for appellant.
*Jamie K. Inagawa, Solicitor-General, Alisha B. Thompson, Assistant Solicitor-General,* for appellee.

---

[15] See id.; *Melton v. State,* 174 Ga. App. 461, 462 (2) (330 SE2d 398) (1985).