### A08A1071. GARVIN v. THE STATE.
(665 SE2d 908)

JOHNSON, Presiding Judge.
A jury found Terrell Garvin guilty of armed robbery, kidnapping,

---

[10] Id.

aggravated assault, and burglary. In his sole enumeration of error, Garvin contends the trial court erred in admitting similar transaction evidence. We find no error and affirm Garvin's convictions.

Garvin's enumeration of error fails for two reasons. First, although Garvin opposed the admission of the similar transaction evidence during a pretrial hearing, he did not raise any objection at trial when testimony regarding the similar transaction was admitted. Garvin, therefore, waived any objection to this evidence.[1] "The rule requiring a trial objection on similar transaction evidence is firm in Georgia jurisprudence, and we are bound to follow it."[2] The matter was not preserved for appeal.

Additionally, even if the matter had been properly preserved for appeal, the similar transaction evidence was properly admitted. Similar transaction evidence is admissible where (1) the evidence is offered for a proper purpose, (2) the state establishes that the defendant committed the separate offense, and (3) there is sufficient similarity between the separate offense and the crime charged so that proof of the former tends to prove the latter.[3] On appeal, this Court reviews the trial court's decision to admit such evidence for abuse of discretion, and we will affirm a finding that two incidents are sufficiently similar unless it is clearly erroneous.[4]

In the present case, the similar transaction evidence was offered to prove identity, bent of mind and common scheme, which are proper purposes for admission as a similar transaction.[5] And, Garvin does not dispute on appeal that he committed this independent offense. Instead, he argues on appeal that the similar transaction was not sufficiently similar to the crime charged in the present case so that proof of the former would tend to prove the latter. We disagree.

Our review of the transcript of the pretrial hearing on the admissibility of the similar transaction evidence, as well as the trial transcript, convinces us that the trial court's ruling was correct. "In a similar transaction analysis, the proper focus is on the similarity, not the differences, between the separate crime and the crime in question."[6] Here, the state introduced evidence of Garvin's participation in a prior armed robbery to rebut Garvin's defense of being an unwilling participant, innocent bystander or withdrawn co-

---

[1] See *Young v. State*, 269 Ga. 478, 479 (3) (499 SE2d 60) (1998); *Felder v. State*, 260 Ga. App. 27, 29 (3) (579 SE2d 28) (2003).

[2] (Citation and punctuation omitted.) *Felder*, supra at 29.

[3] See *Romo v. State*, 288 Ga. App. 237, 238 (653 SE2d 832) (2007).

[4] Id. at 238-239.

[5] Id. at 239.

[6] (Citation and punctuation omitted.) Id.

conspirator in the present armed robbery. In both cases, the victims were over 55 years old and lived alone. In both cases, Garvin initially disavowed any knowledge of the crime, then claimed mere presence at the scene of the crime. The trial court did not abuse its discretion in admitting the similar transaction to show Garvin's experience and knowledge with the type of crime in question, and thereby rebut the suggestion that he was an innocent bystander or unwitting party to the crime charged in the present case.[7]

*Judgment affirmed. Barnes, C. J., and Phipps, J., concur.*

DECIDED JULY 18, 2008.

*Hube & Tucker, Matthew K. Hube*, for appellant.
*Richard A. Mallard, District Attorney, Keith A. McIntyre, Assistant District Attorney*, for appellee.

---

[7] See *Jones v. State*, 243 Ga. App. 374, 377 (2) (533 SE2d 437) (2000).